1809.

Lessee
of
M'Kinzie
v.
Crow.

plaintiff, this might be alleged as constituting some equity against him, and be in the way of recovering possession. But here he rests on his possession, and the plaintiff must recover by his own strength. He has not made out a good title, unless the survey could be given in evidence; and this survey not being by authority, cannot. Had it gone to the jury, they must have been told that it could not weigh; and therefore why should it go?

Judgment affirmed.

Pittsburg,
Saturday,
September 9.

## Lessee of CAIN against HENDERSON.

The grantor of a tract of land, who has not given any warranty, nor practised any deception upon the grantee, is a competent witness to support the title.
When the judge who tried the cause is not dissatisfied with the verdict, it must be a very strong case that will induce this court to grant a new trial.

THE defendant moved for a new trial in the Circuit Court of Greene county, which was refused by his Honour Judge YEATES; and he appealed to this court for two reasons. 1, Because a certain Edmund Pollock, who was the original settler of the tract, part of which was in question, and who sold the land to the person from whom it came to the plaintiff, was admitted as a witness. 2, Because the verdict was against the weight of evidence.

The sale by Pollock was by parol without any warranty, or deception upon the purchaser; and Judge YEATES, upon reporting the case, said that he was not dissatisfied with the verdict.

Campbell for the defendant, was about to argue that Pollock was an incompetent witness, because as he sold the land, he would be liable to an action in case a part of it was lost. But the court intimated their opinion that the objection could not be supported, as there was no evidence that Pollock gave any kind of warranty, or was guilty of any deception in the sale.

Campbell then said, that as he relied principally on this exception, he should proceed no further.

The Court thereupon remarked, that as to the other point, viz. that the verdict was against evidence, it must be a very strong case indeed, which would induce them to order a new

trial, where the judge who tried the cause was not dissatisfied with the verdict.

<div align="right">1809.</div>

<div align="center">Judgment affirmed.</div>

*Ross* for the plaintiff.

<div align="right">
Lessee<br>
of<br>
CAIN<br>
*v.*<br>
HENDERSON.
</div>

------

<div align="center">

MAGEEHAN *against* the Lessee of ADAMS.

IN ERROR.

</div>

<div align="right">
*Pittsburg,*<br>
*Monday,*<br>
September 11:
</div>

THIS case was upon a bill of exceptions to the opinion of the Common Pleas of *Beaver* county.

A survey and patent of one *Conrad*, which were given in evidence, called for, at the beginning of the tract, a black oak *on the state line*, thence *by the same* 130 perches to a post. The plaintiff below offered evidence to prove that the black oak, and the marked line run from the black oak, were not on the state line, but about thirty perches east of it; and this evidence was admitted by the court, notwithstanding the defendant objected to it.

*Campbell* for the plaintiff in error, argued that the survey and patent were conclusive evidence of the situation of the tract.

But the *Court* were unanimously of opinion that the evidence was properly admitted, the point having been so ruled many times.

<div align="center">Judgment affirmed.</div>

*Semple* for defendant in error.

<div style="float:right; width: 30%;">
Parol evidence is admissible to shew that a course and boundary in a survey and patent are incorrectly stated, and that they are otherwise upon the ground.
</div>