### WINSTON VS. VAUGHAN.

A grantor of real estate is not responsible on the statutory covenant, implied by the use of the words, "grant, bargain and sell," for incumbrances other than those done or suffered by himself. .

### Appeal from Pulaski Circuit Court.

Hon. JOHN J. CLENDENIN, Circuit Judge.

CARROLL & JOHNSON, for the appellant.

The words " grant, bargain and sell " in our statute on conveyances, make a covenant against incumbrances whether done or suffered by the grantor or any one under whom he claims. *Dig.* 264; *Funk vs. Voneider*, 11 *Serg. & R.*

FOWLER & STILLWELL, for appellee.

The covenant raised by the words "bargain and sell" extends

only to incumbrances created by the grantor. *Dig. ch.* 37, *sec.* 1; *Rawle on Cov. for Title* 486; *Sug. on Vend.* 524.

Mr. Justice Compton delivered the opinion of the Court.

The action was covenant broken, by Winston against Vaughan, on a deed dated 4th February, 1856, by which the defendant conveyed to the plaintiff a tract of land in Pulaski county. The deed contained the words " grant, bargain and sell," and the suit was brought for a breach of the statutory covenant against incumbrances, implied by the use of those words. The plaintiff alleged as a breach of the covenant, a third person's right to flow, without paying damages, a part of the land by means of a mill dam, erected upon an adjoining tract—which right was granted by one William Wilson, a former owner of the land, by deed bearing date 25th January, 1844.

The court below sustained a demurrer to the declaration, and the plaintiff appealed.

The only question necessary to be decided is, whether the words " grant, bargain and sell," are to be understood, within the meaning of our statute concerning conveyances of real estate, as creating a covenant against incumbrances done or suffered by whomsoever, or against those done or suffered by the grantor only. The statute provides that, "all lands, tene-" ments and hereditaments may be aliened and possession " thereof transferred by deed without livery of seizin, and the " words *'grant, bargain and sell'* shall be an express covenant " to the grantee, his heirs and assigns, that the grantor is seized " of an indefeasible estate in fee simple, free from incumbrance " done or suffered from the grantor, except rents or services " that may be expressly reserved by such deed, as also for the " quiet enjoyment thereof against the grantor, his heirs and " assigns, and from the claim or demand of all other persons " whatsoever, unless limited by express words in such deed."

It is urged in argument that by this enactment, it was the object of the Legislature to work an entire change in our

system of conveyancing, so as to enable the grantor, without expressing the usual common law covenants, to bind himself as effectually and to the same extent, in all respects, as he could do by the insertion of those covenants in the deed, in their most comprehensive sense. To this it may be replied, that if such was the object of the Legislature, it was not expressed in the statute; nor, according to any known rule of construction, can it be ascertained by intendment. If the words "*done or suffered from the grantor*" are not to be understood as a limitation upon the implied covenant against incumbrances, then they are without meaning, in the connection in which they are employed.

Our statute, as to the particular phraseology out of which the question before the court arises, is the same as that of Pennsylvania, passed in 1715; and the Supreme Court of that State, in *Gratz vs. Ewalt*, 2 *Binn.* 95, decided that the words " grant, bargain and sell," did not, under that act, amount to a general covenant, but merely to a covenant, that the grantor had done no act, or created any incumbrance by which the estate he had granted might be defeated. We do not agree with the counsel for the appellant, that in the subsequent case of *Funk vs. Voneida*, 11 *Serg. & Rawle* 109, a different construction was put upon the Pennsylvania act. In the opinion of the court in the latter case, language is used which, from the context, would seem to be attributable to a mistake in the Reporter; and this is the more manifest, because, in *Whitehill vs. Gotwalt*, 3 *Penn.* 322, decided long afterward, the court say: "It is now more than twenty-three years since it was solemnly decided by this court, in the case of *Gratz vs Ewalt*, 2 *Binn.* 95, that the words ' grant, bargain and sell' under this act amount only to a covenant that the grantor has not done any act, or created any incumbrance whereby the estate granted by him may be defeated; and from that time to the present, has been considered, not only as a settled construction of the act, but as a fixed rule of property in the State, which no power but that of the Legislature can alter,"—citing *Cain vs. Hender-*

son, 2 *Binn.* 108; *Dorsey vs. Jackman*, 1 *Serg. & Rawle* 52, and the identical case of *Funk vs. Voneida*, 11 *Serg. & Rawle* 109.

In *Roebuck vs. Dupuy*, 2 *Ala.* 535, the same question arose upon a construction of the Alabama statute, which, as regards the implied covenant against incumbrances, is also similar to our own; the breach assigned, was a mortgage on the premises conveyed, executed by a third person from whom the defendant had purchased, and the court held, on demurrer to the declaration, that the action was not maintainable, because the covenant was limited to incumbrances done or suffered by the grantor only.

Chancellor Kent, in the 4th volume of his Commentaries, page 473, cites these cases with approbation, as furnishing a correct interpretation of the Pennsylvania and Alabama statutes. He says: "Upon this construction the words of the statute are divested of all dangerous tendency; and they amount to no more than did the provision in the English statute of 6 Anne, C. 35, S. 30 upon the same words. It may not be very inconvenient that those granting words should imply a covenant against the secret acts of the grantor; but beyond that point, there is great danger of imposition upon the ignorant and the unwary, if any covenant be implied that is not stipulated in clear and precise terms."

If this question were not settled by the high authorities to which we have referred, we should find no difficulty in holding, from what would seem to be the obvious reading of the statute, that the grantor is not responsible on the statutory covenant for incumbrances other than those done or suffered by himself.

Let the judgment be affirmed with costs.