# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BIEDLER v. BIEDLER.

January 8th, 1891.

1. DEVISE TO HEIRS—*Descent—Purchase.*—Where testator devises property to his heir to take effect in the same manner as he would take as heir, he is regarded as taking by descent, and not by purchase.

2. WILL—*Construction—Advancements.*—Where testator devises certain land to his two sons and directs the residue to be disposed of as the law directs: *held,* it was his intention to equalize the two sons with his other children to whom gifts had been previously made, and not that the devise should operate as an advancement to be brought into hotch-pot under Code, sec. 2561.

Argued at Staunton. Decided at Richmond.

Appeal from decree of circuit court of Page county, in a cause wherein Biedler and others were complainants, and Henry W. Biedler and Morgan L. Biedler were defendants. The object was to construe the will of Morgan Biedler, deceased. The decision of the court below being adverse to the pretentions of the complainants, they appealed. Opinion states the case.

*George R. Calvert,* for the appellants.

*R. S. Parks,* for the appellees.

HINTON, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Page county. The parties to the controversy are the devisees and legatees of one Morgan Biedler, deceased. The question presented for decision is, to use the language of the appellants' counsel, "whether the third item of the will, is, under the law, an advancement to be brought into *hotchpot* under the fourth item of the will."

By the first clause of said will, the testator directs that a sale of all his personal property shall be made, and that his debts and funeral expenses shall be paid out of the proceeds thereof. The second, third and fourth clauses read as follows:

"2nd. After the payment of my debts and funeral expenses, I desire that the remainder of the proceeds from the sale of the personal parts of my estate be equally divided amongst my children and my wife, Mary Biedler.

"3rd. I give to my two sons, Henry W. Biedler and Morgan L. Biedler, my undivided half interest in the ridge tract of land known as 'Little Meadows tract,' now owned by L. C. Koontz and myself, to be enjoyed by them forever.

"4th. All the rest of my estate, both real and personal, of what nature or kind soever it may be, not hereinbefore particularly disposed of, I desire shall be disposed of as the law directs."

The argument for the appellants is that the devise of the testator's undivided half interest in the "Little Meadows tract," in the third clause of his will, to his sons Henry W. Biedler and Morgan L. Biedler, is not a specific devise to them, but an advancement; and that, as in their view, the testator died intestate as to all the property mentioned in the fourth clause, the case falls within the provisions of section 2561, Code 1887, and that the said Henry W. Biedler and Morgan L. Biedler shall be required to bring these advancements into *hotchpot*, if they wish to participate in the distribution of the other estate.

Section 2561 of the Code of Virginia reads thus: "Where any descendant of a person dying intestate as to his estate, *or*

*any part thereof*, shall have received from said estate in his lifetime, or *under his will*, any estate, real or personal, by way of advancement, and he, or any descendant of his, shall come into the partition and distribution of the estate, with other parceners and distributees, such advancement shall be brought into hotchpot with the whole estate, real and personal, descended or distributable, and thereupon such party shall be entitled to his proper portion of the estate, real and personal."
Now, the doctrine of hotchpot, as Mr. Minor, see 2 Min. Inst. (3rd ed.) p. 506, correctly observes, has been much enlarged in Virginia, not only beyond the scanty limits of the common law, but also beyond the purview of the English statutes of distributions (22 and 23 Car. II., c. 10, and 29 Car. II., c. 30), with the intent to bring about, as nearly as may be, an equal division among the *children*, etc., of the decedent, of all his estate, both real and personal, except so far as, *in the exercise of his right of ownership*, he may have thought fit himself to create a difference.    *Chinn* v. *Murray*, 4 Gratt., 377.    And an examination of the statute shows, that for the law of hotchpot to apply in a given case, these circumstances must concur, namely, the decedent must be intestate as to his estate, or some part thereof, and the descendant of him who desires to share in the division of the other estate must have received from the intestate, in his lifetime, or under his will, some estate, real or personal, or both, for the purpose of advancing him in life. *Puryear* v. *Cabell*, 24 Gratt., 260.

Now, do all these things concur in this case? Let us see. It is not pretended that Morgan Biedler died without a will, but the appellants insist that inasmuch as he disposes of the property embraced in the 4th clause "as the law directs," that this part of his property will pass according to the law of descents and not by devise, and that as to this portion of his property he died intestate. In other words, invoking the old rule which, since the statute of 3 and 4 Will., IV, ch. 106, sec. 3, has ceased to have any practical value in England, and

many of the reasons for which no longer exist in this country, that where a testator makes the same disposition of his estate as the law would have done if he had been silent, the will being unnecessary, is void, or, stating it somewhat differently, that where a title by descent and a title by devise concur in the same individual, the heir is held to be in by descent and not by purchase, the appellants first argue that the testator died intestate as to the property embraced in the 4th clause, and then that Henry W. and Morgan L. Biedler must come into hotchpot.

This doctrine, however, that where the devise is to the testator's heir, to take in the same manner as he would take as heir, he must be regarded as taking by descent and not by purchase, was probably adopted, says Mr. Minor, to prevent a confusion of the title by descent with the title by purchase, in feudal times, when such confusion would have affected the tenure of lands, and at a later period would have impaired the interests of creditors, certain of whom could charge with their debts lands descended but not devised, only applies, according to all the authorities, where the devisee is *sole heir* to the land devised; for, if he is only one of several co-heirs, although the very same share be given him as he would take by descent, he does not take it in the same way; for, as co-heir, he would take it in co-parcenary with his fellows, whereas, as devisee, he would take it in severalty if it was devised to him alone; and if devised to him along with others he would take as joint tenant or tenant in common. In like manner a devise to several co-heirs is not within the doctrine, but is good, because, as devisees, they will take as joint tenants or tenants in common; whereas, as heirs, they will take as co-parceners. 2 Minor's Inst., p. 1054; 3 Lom. Dig., marg. p. 106; 1 Jarman on Wills (Randolph & Talcott's ed.), p. 195; Powell on Devises, 428.

Notwithstanding, therefore, the peculiar language used in this case, no rights of creditors being involved, it might well

be questioned whether the testator is to be regarded as having died intestate as to this property, if that question were necessary for a decision of this case. But conceding that there is a partial intestacy, where shall we find the slightest evidence of an indication that the testator intended to advance these two sons. In a case like this, where the testator has left a will, no matter what may be the rule in other cases, no presumption of an intention to advance can arise from the mere circumstance of a partial intestacy, for, as was said by Judge Baldwin, in *Chinn* v. *Murray,* 4 Gratt., 377, "the reasonable supposition is, that when the decedent has made a will, that he has thereby corrected inequalities so far as he desired to do so," and in the present case, the language of the will shows, to my mind at least, as plainly as human language can show anything, that such was not the purpose of the testator. The language of the testator is that as to all the rest of my estate, * * * *not hereinbefore particularly disposed of,* I desire, &c. Now could he have indicated by the use of so many express words more plainly than he has done by this language, that his purpose was to prefer those to whom he had made previous gifts, and thus to produce an inequality in the distribution of his property. We think not. To hold otherwise, would be in our judgment not to execute, but to overturn and disappoint the manifest intention of the testator.

These views show that the lower court has, in its decree, correctly construed the will of Morgan Biedler, deceased, and the decree appealed from must therefore be affirmed, and the cause must be remanded to be further proceeded in to final decree.

LACY, J., concurred in the result.

DECREE AFFIRMED.