BLANKS *v.* CLARK.

Opinion delivered April 24, 1900.

ADVANCEMENT—TESTATE ESTATES.—The doctrine of advancements does not apply where the deceased left a will, although there be a residue of the estate undisposed of. (Page 100.)

Appeal from Ashley Chancery Court.

JAS. F. ROBINSON, Chancellor.

*Z. T. Wood* and *J. G. Williamson*, for appellant.

There was no final decree rendered in term time. 5 Am. & Eng. Enc. Law, 373, 379, 380. In construing a will, the testator's intent is paramount, and extrinsic evidence is admissible to show the intent, where the description is equivocal. Schoul. Wills, §§ 522, 576; 1 Am. & Eng. Enc. Law, 543, §§ 5, 6; 117 U. S. 210; 60 Ia. 339; S. C. 46 Am. Rep. 70. The doctrine of advancements does not apply. There must be actual intestacy. Sand. & H. Dig., § 2484; 1 Am. & Eng. Enc. Law, 220; 1 Wait's Actions & Def. 211. The intent of the donor governs. 1 Wait's Actions & Def. 205; 11 Atl. 535.

*J. M. Moore* and *W. B. Smith*, for appellee.

The probate, and not the chancery, court has jurisdiction of matters connected with the administration and distribution of estates of decedents. Const. art. 7, § 34; 48 Ark. 549; 33 Ark. 728; 49 Ark. 55. Advancements are exclusively cognizable in the probate court. 2 Woerner, Administration, § 552; 52 Ala. 238. The deceased having left a will, the doctrine of advancements does not apply. Sand. & H. Dig., § 2484; 2 Woern. Administration, § 553; 70 Ia. 379; 71 Ga. 67; 45 Ala. 554; 17 S. C. 512; 45 Ala. 554. This would be true even in a case where the testatrix left part of the property undisposed of by will. 2 Woern. Administration, 553; 70 Ia. 379; 37 Ala. 532.

BATTLE, J.    The validity of the deed executed by Daniel
E. White to W. L. Blanks on the 29th of April, 1893, is in-
volved in this appeal.    Daniel E. White conveyed to W. L.
Blanks, by this deed, all his estate in the north half of the
southwest quarter of section seventeen, and north half of the
north half of section eighteen, in township nineteen south,
and range four west.    The land conveyed formerly belonged
to Mary A. Sumner.    She departed this life on the 18th of
November, 1891, leaving surviving her Daniel E. White, her
son, Sallie M. Terrell, her daughter, and J. Sumner White,
Bettie White, Turner White and Mary White, the children of
her son, W. J. White, deceased, as her only heirs at law.    On
the 8th of September, 1891, she executed the following will:
"Know all men by these presents, that I, Mary A. Sumner, of
the county of Ashley, state of Arkansas, being in good
health and sound mind and disposing memory, do make and
publish this my last will and testament, hereby revoking all
former wills by me at any time heretofore made.    I will that
my burial expenses and just debts of every kind be paid.    I
will the 80 acres of land in section 7, where I now live, to
Fannie Byrd and her bodily heirs.    I will to D. E. White  80
acres of land in section 17.    I will to Sallie M. Terrell the use
and income of 160 acres of land in section 18 during her life.
At her death, I will it to D. E. White.    At his death I will it
to Susan Barlow and her children.    If Sallie M. Terrell sur-
vives D. E. White, at her death the land will go to Susan Bar-
low and her children.    My four grand children, I will them $5
each,—Sumner White, Bettie White, Turner White, Mary
White.    In testimony whereof, I hereunto set my hand and
seal, and declare this my last will and testament in the pres-
ence of the witnesses named below, this September 8, 1891."

The probate of the will was contested by the heirs, and
the contest was taken by appeal to the Ashley circuit court,
where on the 9th day of January, 1894, all the devises therein
made, except that to Fannie Byrd, were held to be void.    While
the contest over the will was pending in the circuit court,
Daniel E. White executed the deed to Blanks.

On the 30th of March, 1894, J. P. Clark, as guardian of

the minor children of W. J. White, deceased, brought an action in the Ashley chancery court against Daniel E. White and William L. Blanks, alleging that Mary A. Sumner died intestate, leaving her surviving, as her only heirs at law, the defendant, D. E. White, and the plaintiff's wards, and at the time of her death she was seized and possessed of the land described in the deed of Daniel E. White to Blanks; that in her lifetime she had advanced to her son, Daniel E. White, in lands, money, board and wares, the sum of $3,848.97; and that the real estate and personal property then belonging to her estate amounted to the sum of $3,021.64, which the children of W. J. White, deceased, were entitled to by reason of said advancement; and asked that the entire interest in the land be vested in plaintiff's wards, and that the conveyance of Daniel E. White to William L. Blanks be held to be a cloud upon the title of his wards, and be cancelled.

On the 11th of November, 1896, Daniel E. White filed an answer, and made it a cross-complaint against his co-defendant, William L. Blanks, alleging therein that the conveyance to Blanks of his interest in the lands in controversy was procured by fraud and deception, and asked that it be set aside.

Blanks answered, admitting the execution of the conveyance to him by Daniel E. White, and denying the other material allegations in the complaint and cross-complaint, and alleging that he was entitled to the interest in the lands conveyed to him.

The court found that Mary A. Sumner, in her lifetime, advanced to Daniel E. White an amount exceeding the value of the lands in controversy and the personalty in the hands of her administrator; that the conveyance of Daniel E. White to Blanks was executed for an inadequate and fraudulent consideration; that the property received for the conveyance was of the value of $200; and rendered a decree canceling the deed, and vesting the title to the land in controversy in the children and heirs of W. J. White, deceased, the wards of plaintiff, and rendered a judgment in favor of Blanks for the $200; and Blanks appealed.

Mrs. Sumner having left a last will and testament, the doc-

trine of advancement has no application in this case; and this is true, notwithstanding a part of her estate was not disposed of by her will. *Thompson* v. *Carmichael*, 3 Sandf. Ch. 120; *Snelgrove* v. *Snelgrove*, 4 Desaus. Eq. 274, 292; *Greene* v. *Speer*, 37 Ala. 532; *Bieder* v. *Bieder*, 87 Va. 300, 304; 2 Woerner, Administration, § 553.

In consideration of the sale and delivery to him of a stock of drugs and the furnishing him with a house in which to do business from the 29th of April, 1893, to the first of January, 1894, Daniel E. White conveyed to Blanks all his interest in the lands therein described. White alleged that this conveyance was procured from him by fraud. He says that Blanks induced him to sell his interest for the consideration mentioned by falsely and fraudulently representing the drugs to be worth $800 when they were worth only $60. The burden of proving this allegation rested upon him.

As to the value of the drugs, the testimony of witnesses is conflicting. One witness testified as to the value of drugs which Blanks had in his possession on some day prior to the sale to White. The evidence shows that Blanks purchased other drugs after that time and before he sold. Other witnesses testified as to the value of drugs they saw in the possession of White on a day subsequent to the sale. It is evident that this testimony cannot determine the value of the drugs delivered to White, and that the testimony of those who knew the drugs which were sold and their value at the time of delivery should govern. As to the value of such drugs at such time, White testified that he examined them before purchasing, but that he did not know their value; that Blanks represented that they were worth $800; that he relied upon the representation, but that he had since ascertained from information received from others that they were worth $60. Blanks testified that they were worth from $700 to $800, and another witness testified that they were were worth between $600 and $800. Enough, however, was shown to prove that the representation as to the value of the drugs was only an expression of an opinion, and the evidence fails to show that the opinion was simulated.

At the time the conveyance to Blanks was executed the

contest against the will of Mrs. Sumner was pending. The most valuable part of the land was devised to Sallie M. Terrell for her life, and after her death to Daniel E. White for his life. Mrs. Terrell was then 42 years old, was living, and in good health. The land devised to her was worth $1,600; the other was worth $600. In the event the devises to her and White were sustained, Blanks acquired the tract worth $600 and a very uncertain interest in the other. On the other hand, if these devises were held to be void, he was entitled to only one-third of the land described in his deed, Mrs. Terrell being entitled to one-third, and the children of W. J. White, deceased, to the other part. According to the preponderance of the evidence, it is evident that the value of the estate or interest in the lands conveyed did not so far exceed the value of the consideration received therefor as to raise a presumption of fraud. The chancery court, therefore, erred in setting aside the deed.

There is nothing in the contention that Blanks sold White the drugs and furnished him with a house for the purpose of assisting him in the illicit sale of liquor. The preponderance of the evidence clearly proves the contrary.

The decree of the chancery court is therefore set aside, and the cause is remanded, with directions to the court to dismiss the complaint of appellees and the cross-complaint of White, and for other proceedings consistent with this opinion.

WOOD, J., did not sit in this case.