## BLANKS *v.* CRAIG.

1.  CONVEYANCE—INTEREST AS HEIR.—A conveyance by a grantor of all his "interest in any lands by will or otherwise in the estate" of his mother will not carry his interest in lands which he subsequently acquired as heir of a sister who inherited from his mother. (Page 82.)

2.  SAME—AFTER-ACQUIRED TITLE.— Sand. & H. Dig., § 699, providing that "if any person shall convey any real estate by deed purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterwards acquire the same, the legal or equitable estate afterwards acquired shall immediately pass to the grantee," does not affect an interest subsequently acquired by a grantor which he had not previously attempted to convey. (Page 82.)

Appeal from Ashley Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Suit by W. L. Blanks against R. E. Craig, as executor, etc., and others. From a decree in favor of defendants plaintiff has appealed. Affirmed.

### STATEMENT BY THE COURT.

Mary A. Sumner died in 1891. At the time of her death she was the owner of certain lands in Ashley county. She left surviving her, as her heirs, Daniel E. White, a son, and Sallie E. Terrell, a daughter, and certain grandchildren, the children of her son W. J. White, who died previous to her death. She left a will, which, so far as the lands in controversy are concerned, was afterwards found to be invalid and of no effect. In 1893, while the contest concerning the validity of the will was still pending, Daniel E. White, for a valuable consideration, sold and conveyed by quitclaim deed his interest in the lands to, W. L. Blanks. The language of the granting clause in the deed is as follows: "We, Dan. E. White and Lilly White, his wife, for the consideration named, do hereby grant, sell and quitclaim unto

said William L. Blanks and unto his heirs and assigns forever the following lands lying in Ashley county, Arkansas, towit: My interest in and to the north half of the southwest quarter of section 17, township 19 south, range 4 west [and other lands described], also any interest in any lands by will or otherwise in the estate of Mrs. Mary A. Sumner."

After this deed was executed, Sallie E. Terrell, a sister of Daniel E. White, died intestate and without issue, and Daniel E. White inherited one-half of her estate, and the children of W. J. White the other half. The other facts are sufficiently stated in the opinion.

*Wells & Williamson, J. M. Moore* and *W. B. Smith,* for appellant.

The after-acquired title of the grantor passed to appellee under the deed. Sand. & H. Dig., § 699; 14 Cal. 612; 47 Ark. 117; *Cf.* 12 Cent. L. J. 127; 11 How. 323; 14 Cal. 612. See also 47 Ark. 111; Dev., Deeds, §§ 721, 722, 945, 946. The deed should be construed according to what appears to have been the intention of the parties. 28 Ark. 285; 53 Ark. 185; 15 Ark. 286; *Cf.* 59 Ark. 299.

*Pugh & Wiley* and *Robert E. Craig,* for appellees.

The question as to whether the deed passed the after-acquired title has been squarely passed upon in 34 Ark. 496 and 59 Ark. 299. The deed here is a quitclaim, and 14 Cal. 612, 47 Ark. 117, 11 How. 323, 33 Ark. 251, being cases where the conveyance was made with warranty of title, do not apply. See, further, upon the construction and effect of the deed. 58 Am. Dec. 575, note 686; 79 Am. Dec. 187; 12 Am. Rep. 491; 1 Am. St. Rep. 243, note 247; 42 Am. St. Rep. 624. The after-acquired interest would not have passed under the deed if it had even been a deed of warranty instead of a quitclaim deed. 65 Mass. 354; 12 Pick. 47; 9 Wheat. 452.

RIDDICK, J. (after stating the facts). This is a controversy concerning the title to land that was once owned by Mary A. Sumner. Another branch of the case has been before this court

before, and a fuller history of the case can be had by reference to the opinion in that case. *Blanks* v. *Clark,* 68 Ark. 98, 56 S. W. 1063.

Blanks, as shown in the statement of facts, had in 1893 purchased the interest of D. E. White in the estate of his mother, Mary A. Sumner. In 1894, after this deed was executed, Sallie E. Terrell, a sister of White, and the owner of a third interest in the estate of their mother, also died. Half of her one-third interest was inherited by D. E. White, and the other half by the children of W. J. White. After the case was remanded, Blanks obtained leave to amend his cross-complaint, and he set up a claim to the interest in the lands formerly owned by Mary A. Sumner that Daniel E. White inherited from his sister, Sallie E. Terrell. This was a one-sixth interest in those lands, and Blanks claimed it by virtue of the provision in the deed executed by D. E. White conveying to him all his "interest in any lands by will or otherwise in the estate of Mary A. Sumner." But, in order to determine what that deed conveyed, we have only to ascertain what the interest of D. E. White was in the estate of Mary A. Sumner at the time this deed was executed, for there is nothing in the language used that purports to convey more than the title he then owned. It is admitted by the agreed statement of facts that he only owned at that time an undivided one-third interest, and this is all the interest that passed by the deed. The interest that D. E. White subsequently inherited from his sister, Sallie E. Terrell, did not pass by the deed, for at the time it was executed Mrs. Terrell was living, and D. E. White had no interest in the land owned by her.

The statute, which in some cases vests in a grantee an estate in the land conveyed which may be afterwards acquired by the grantor, has no application here, for the deed did not purport to convey any interest which D. E. White might in future inherit from his sister, Mrs. Terrell. The statute only affects interests in land which the grantor has conveyed or which his deed purports to convey. It does not affect interests afterwards acquired by the grantor which he has not previously conveyed or attempted to convey. Sand. & H. Dig., § 699.

We are of the opinion that the judgment of the chancery court was right, and it is therefore affirmed.