## WELLS v. CHASE.

76    417
85    498

### Opinion delivered July 29, 1905.

1. DEED—AFTER-ACQUIRED TITLE—QUITCLAIM.—As a quitclaim deed does not purport to convey any title except what the grantor has at the time of its execution, such a deed is not within the statute which provides that "if any person shall convey any real estate by deed purport-

27

ing to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterwards acquire the same, the legal or equitable estate afterwards acquired shall immediately pass to the grantee." (Kirby's Digest, § 734.)   (Page 419.)

2.   SAME.—A quitclaim deed conveying an interest in a lode mining location will not be held to convey a placer mining claim subsequently acquired by the grantors.   (Page 420.)

Appeal from Marion Circuit Court in Chancery.

ELBRIDGE G. MITCHELL, Judge.

Affirmed.

*J. C. Floyd,* for appellant.

The deed carried the after acquired title to the appellants. Kirby's Dig. § 734. The deed is, in effect, not a quitclaim deed, but a special waranty deed, and is sufficient to pass title. 53 Ark. 153; 5 Ark. 693; 33 Ark. 251; 15 Ark. 73; Bisph. Eq. 218. The record of the deed was constructive notice to the world, and there could be no innocent purchasers. Kirby's Dig. § 762; 69 Ark. 442.

*G. J. Crump,* for appellee.

Kirby's Dig. § 734, has reference to the conveyance of real estate by deed, and does not apply to a mining claim, which is only a right of possession.   163 U. S. 445.

McCULLOCH, J. This suit was brought in equity by appellants, H. Wells and Fannie A. Gray, as executrix of the last will of Chas. S. Gray, deceased, against appellees, Geo. W. Chase and Estella E. Chase, alleging that appellees had, on December 4, 1889, sold and conveyed to said H. Wells and C. S. Gray an undivided one-tenth interest in the Red Cloud Mining Claim and the Mt. Ida Mining Claim, and had thereafter acquired title to said claims from the United States, which said subsequent acquisitions, appellants say, inured to the benefit of Wells and Gray under said deed executed to them by appellees. The prayer of the complaint is that the title to one-tenth interest in said claims be decreed to appellants.

The Red Cloud Mining Company, a corporation, which had acquired title to said claims under conveyance from appellees, was made a party defendant, and filed its answer, claiming

to be an innocent purchaser without notice of appellant's rights. Appellees answered, admitting the execution of their said deed, but alleging that said Wells and Gray had failed to pay their proportionate part of the cost of the annual assessment work on said mining claims, and had thereby forfeited their rights therein, and that appellees and their co-owners had subsesequently abandoned said mining claims as lode claims, and relocated the same as placer claims, and obtained patents therefor.

It is shown that the mining claims in controversy had been located as lode claims, and were held by appellees and others at the time of the conveyance of the one-tenth interest therein to Wells and Gray. Subsequently the claims were found not to be in fact lode claims, and were abandoned and forfeited as such, and appellees and other parties located the same as placer mining claims.

It is urged in behalf of appellants that the title subsequently acquired by appellees in the placer mining claims inured to their benefit by operation of Kirby's Digest, § 734, which is as follows:

"If any person shall convey any real estate by deed purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterward acquire the same, the legal or equitable estate afterward acquired shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance."

The deed in question is somewhat peculiar in its terms. It recites that the grantors "have sold and released and quitclaimed" to the grantees, Wells and Gray, an undivided one-tenth interest in "the following mining and mineral lands and claims," describing the claims in controversy, and others. The habendum clause contains a stipulation that the grantors will "forever defend the title aforesaid against all parties who hold under or through" the said grantors. The effect of the deed was to convey to the grantees whatever title the grantors then had to the undivided one-tenth interest, and to warrant against any prior conveyances or incumbrances made or suffered by the grantors; but it did not purport to convey any title except what the grantors

then had. They then had title to a lode claim, which was subsequently abandoned and forfeited. This is all that passed by the deed, and another title subsequently acquired did not pass. As said by this court in *Blanks v. Craig,* 72 Ark. 80: "The statute only affects interests in land which the grantor has conveyed or which his deed purports to convey. It does not affect interests afterwards acquired by the grantor which he has not previously conveyed or attempted to convey." Where one has title or interest in land which he conveys by deed, and the deed purports to convey no more, another title or interest subsequently acquired by him does not pass to his grantee under the deed.

Appellant Wells testified that he paid G. W. Chase part of the expense of assessment work, and that Chase was indebted to him, and promised to pay the remainder of the expense. It is urged by counsel for appellants that Chase wrongfully allowed the forfeiture of the interest of Wells and Gray, and cannot take advantage of it to acquire another title to the claim. No such issue is raised by the pleadings; but if we treat the issue as properly raised, the burden is upon appellants to prove, at least by a preponderance of the testimony, the bad faith and misconduct of Chase; and as the latter denies that he was indebted to Wells or ever promised to pay for the assessment work, or that Wells ever sent him any money for that purpose, we cannot say that there was a preponderance in appellants' favor. There was no testimony except that of Wells and Chase, and they positively contradict each other on every material matter. We are not justified by the record in overturning the finding of the chancellor, and his decree must be affirmed. It is so ordered.

BATTLE, J., absent.