## FOX *v.* THREE STATES LUMBER COMPANY.

Opinion delivered March 23, 1908.

AFTER-ACQUIRED TITLE—TAX TITLE.—An after-acquired tax title inures to the benefit of the grantee of the tax purchaser under a warranty deed executed by the latter when he had no title to convey.

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*J. T. Coston* and *J. H. Edwards,* for appellants.

The title acquired by Porter at the tax sale did not inure to his grantees. 69 S. W. 57; 36 *Id.* 68; 26 Kan. 664.

*W. J. Lamb,* for appellee.

The title acquired by Porter inured to his grantor. Kirby's Digest, § § 734, 7104.

McCulloch, J. The question arises in this case whether an after-acquired tax title inures to the benefit of the grantee of the tax purchaser under a warranty deed executed by the latter when he had no title to convey.

E. H. Porter conveyed the land in controversy in 1873 to appellee's grantor, and had no title then, but subsequently acquired title at a tax sale. The statute of this State on the subject reads as follows: "If any person shall convey any real estate by deed purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterward acquire the same, the legal or equitable estate afterward acquired shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance." Kirby's Digest, § 734.

We see no reason why a title acquired at a tax sale should not fall within the statute, if the grantor in a prior deed had no title at the time of his conveyance. The statute itself makes no exception, but declares in express terms that if the grantor shall afterwards acquire title to the land, such title so acquired shall immediately pass to the grantee. It is true that a valid tax title is paramount to all other claims; but where a person executes a deed purporting to convey title when he has none, there is no reason why, under the statute, a tax title subsequently acquired should not pass to the grantee as well as a title acquired from any other source. *Rozell* v. *Chicago Mill & Lumber Co.,* 76 Ark. 525. It would be different where the prior deed only purported to convey some particular title or interest which the grantor was then supposed to hold and which he did not hold, or where the deed only purported to convey whatever interest the grantor had at the time. *Wells* v. *Chase,* 76 Ark. 417; *Blanks* v. *Craig,* 72 Ark. 80.

In the present instance, the deed of E. H. Porter purported to convey the title to the lands in fee simple; but he had no title at that time. Subsequently he acquired title at a tax sale. Therefore the conditions fall clearly within the letter of the statute, and we hold that the after-acquired title passed to the grantee.

We find no authorities in conflict with this view. The cases cited by counsel for appellant do not support them. *Foster* v. *Johnson*, 36 S. W. (Tex.) 68; *Erwin* v. *Morris*, 26 Kan. 664. In the first-named case there does not appear to have been any statute on the subject, or at least the decision is not predicated upon any statute, and the court merely holds that the subsequent purchase at a tax sale was not a breach of the conditions of the warranty contained in the prior deed, and therefore that the grantor, who was the subsequent tax purchaser, was not estopped from setting up the tax title.

In the case last cited above, the Kansas court merely held that where one having a perfect title to land executes a warranty deed therefor, he is not thereby estopped from purchasing at a sheriff's sale a tax title to the lands which were the subject of such conveyance. Neither of these cases conflict with the views we have expressed.

It is not necessary to decide other points raised in the court below, as the views herein expressed on the point discussed are conclusive for the purpose of finally disposing of the case here.

Decree affirmed.