DOAK *v.* SMITH.

Opinion delivered February 10, 1919.

1.  COVENANTS—EFFECT OF HABENDUM CLAUSE.—Kirby's Dig., § 731, making the words "grant, bargain and sell" a warranty of title, is inapplicable where the habendum clause contains a statement of claims against which title is warranted.

2.  DEEDS—COVENANTS—EFFECT.—Covenants in a deed are not part of the conveyance, but separate contracts, and title passes independently of them.

3.  COVENANTS—LIABILITY.—Where a grantor covenanted to defend title against all claims "done or suffered by us or those under whom we claim," no liability accrued by reason of a decree in favor of a third person holding in hostility to grantor's title.

Appeal from Carroll Chancery Court, Eastern District; *Ben F. McMahan,* Chancellor; reversed.

*Festus O. Butt,* for appellant.

1.  Doak was not liable because his deed contained the words, "grant, bargain and sell." These words come within the saving clause of section 731, Kirby's Digest, and are limited by other express words in the deed. 22 Ark. 72; 31 *Id.* 101; 74 *Id.* 348; 84 *Id.* 415; 98 *Id.* 501; 153 S. W. 101; 23 Am. Dec. 670.

2.  If liable, Doak was only liable for the amount paid by the direct vendee, and not the remote vendee. 7 R. C. L.1178; 11 Cyc. 1170; 15 C. J. 1320. Interest should only be allowed from the date of the decree without attorney's fees or costs. *Supra.*

The appellee, *pro se.*

The decree is sustained by the law and evidence. Appellant is liable upon his statutory warranty, created by the words, "grant, bargain and sell." Kirby's Digest, section 731; 22 Ark. 72. There is no limitation in the deed by other words. 22 Cyc. 72, and note. He is liable for the purchase money, interest, costs and attorney's fee. 33 Ark. 640; 11 Cyc. 1171.

SMITH, J. The relevant facts out of which this appeal arises may be stated as follows: S. H. Creel owned a quarter section of land in Carroll County, which was purchased by appellant Doak at a sale for taxes in 1914. Doak received a clerk's deed in 1916, and conveyed the land to one Hamilton, who conveyed 120 acres of it to one Harvison and 40 acres to one Lowery. Hamilton's grantees each conveyed to appellee Smith. Creel filed a bill to cancel all the foregoing deeds in which all parties

named above were made defendants. Appellee Smith answered and filed a cross-complaint against appellant Doak and the other intervening grantors in the chain of title. He recited the sums he had paid Harvison and Lowery and the damage he would sustain if his title were canceled.

The deed from Doak to Hamilton reads as follows: "Know all men by these presents, that we, George Doak and Olive Doak, his wife, for and in consideration of the sum of $500 to us paid by C. A. Hamilton, do hereby grant, bargain, sell and convey unto the said Hamilton and to his heirs and assigns, the following lands in Carroll County, Arkansas, to-wit: (Here follows description.)

"To have and to hold the same to the said Hamilton and to his heirs and assigns forever with all appurtenances thereto belonging. And we hereby covenant with the said Hamilton that we will forever warrant and defend the title to said lands against all lawful claims whatever done or suffered by us or those under whom we claim.

"And I, Olive Doak, wife of the said George Doak, for the said consideration, do hereby release and relinquish to the said Hamilton all my rights of dower and of homestead in and to said lands."

The contention of appellee Smith—that appellant is liable—is based upon the fact that his deed to his immediate grantee contains, in its granting clause, the words "grant, bargain and sell," thereby creating a statutory warranty. This contention is based upon section 731 of Kirby's Digest, which reads as follows:

"All lands, tenements and hereditaments may be aliened and possession thereof transferred by deed without livery of seizin, and the words, 'grant, bargain and sell,' shall be an express covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple, free from incumbrances done or suffered from the grantor, except rents or services that may be expressly reserved by such deed, as also

for the quiet enjoyment thereof against the grantor, his heirs and assigns, and from the claim or demand of all other persons whatsoever, unless limited by express words in such deed.''

Appellant, on the contrary, contends that the saving clause of that section is applicable to the deed in question and that notwithstanding such words they are limited by other express words in the deed. The leading cases construing this section of the statute are: *Gibbons* v. *Moore,* 98 Ark. 501; *Crawford* v. *McDonald,* 84 Ark. 415; *Seldon* v. *Dudley E. Jones Co.,* 74 Ark. 348; *Winston* v. *Vaughan,* 22 Ark. 72; *Davis* v. *Tarwater,* 15 Ark. 286.

In the case of *Gibbons* v. *Moore, supra,* the court held (to quote syllabus No. 1):

''Under Kirby's Digest, section 731, the use of the words 'grant, bargain and sell' in a conveyance of land, without words of limitation, is equivalent to covenanting (1) that the grantor is seized in fee; (2) that he has good right and full power to convey; (3) that the grantee shall quietly enjoy the premises; and (4) that the premises are free from incumbrances done or suffered by the grantee.''

It appears, therefore, that the use of the words, ''grant, bargain and sell,'' as words of conveyance, operate, not only to convey title, but to warrant the seizin, unless those words are limited by other express words of limitation in the deed.

The covenants in a deed are no part of the conveyance. They are separate contracts. And the title passes independently of them. *Bagley* v. *Fletcher,* 44 Ark. 153.

The words, ''grant, bargain and sell,'' import a warranty only because they are made to do so by the statute; but under the statute they do so only when they are not limited by express words contained in the deed. In the deed set out there appears in the habendum clause a separate paragraph containing the covenant of warranty, and this covenant can be given effect only by treating it as such a limitation of the words, ''grant, bargain and sell,'' as the statute has provided may be made in

the deed. The covenant here contained to forever warrant and defend the title against all lawful claims whatever ''done or suffered by us or those under whom we claim'' would be meaningless if it did not supersede or limit the covenant to defend the title against all claims whatsoever implied from the use of the words, ''grant, bargain and sell.''

This is not the case of an attempt to limit, in a subsequent paragraph of a deed, the estate conveyed in the granting clause thereof, for the paragraph of warranty in the habendum clause contains no reference to the estate conveyed and deals only with the claims against which the title is warranted. In giving this paragraph effect it is necessary, therefore, to hold that it is such a limitation as the law provides may be made and that the words, ''grant, bargain and sell,'' do not import the warranty, which would exist in the absence of this covenant of warranty.

In the case of *McDill* v. *Meyer,* 94 Ark. 615, the court construed section 733 of Kirby's Digest, which among other things, provides: '' * * * but all deeds shall be construed to convey a complete estate of inheritance in fee simple, unless expressly limited by appropriate words in such deed,'' and it was there insisted that by the granting clause of the deed the conveyance was in fee simple and that the reservations and limitations contained in the habendum were repugnant to the grant and, therefore, void. In discussing that contention it was there said:

''At common law, a fee could not by deed be granted without words of inheritance; but, by force of our statute (Kirby's Digest, section 733), 'all deeds shall be construed to convey a complete estate of inheritance in fee simple, unless expressly limited by appropriate words in such deed.' This statute does not, however, apply where appropriate words are used in the deed expressly limiting the grant. The habendum is the appropriate place in the deed for such limitation, but it may appear anywhere in the deed. It is only where limitations or reser-

vations in the habendum or subsequent parts of a deed are repugnant to the granting clause that they are held to be void. *Fletcher* v. *Lyon,* 93 Ark. 5; *Riggin* v. *Love,* 72 Ill. 553. The office of the habendum clause of a deed is to explain or define the extent of the grant, and is rejected only where there is a clear and irreconcilable repugnance between the estate granted and that limited in the habendum. 3 Washburn on Real Property (6 ed.), sections 1258, 1260. In the construction of deeds it is the duty of a court to harmonize the different clauses so as to give effect, if possible, to the language of each clause. *Whetstone* v. *Hunt,* 78 Ark. 230.''

So here, the statute giving the words, ''grant, bargain and sell,'' the effect of warranting the title, does not apply, because the habendum clause contains a statement of the claims against which the title is warranted, and in discharging our duty to harmonize the different clauses of the deed so as to give effect to the language of each clause we are constrained to hold that the only warranty in the deed is to ''warrant and defend the title to said lands against all lawful claims whatever done or suffered by us (Doak and wife) or those under whom we claim'' found in the habendum clause.

Doak did not claim under Creel but in hostility to him, and the action of the court in establishing Creel's title was not the act of Doak nor any person against whose acts Doak's restricted covenant warranted. *Comstock* v. *Smith,* 23 Am. Dec. 670.

Viewed from its four corners the deed is, therefore, one of special warranty. *Stokes* v. *State,* 121 Ark. 95. Therefore, the court erred in holding it a deed of general warranty and the decree awarding damages against Doak must be reversed and the cause dismissed, and it is so ordered.

Under this view it becomes unnecessary to determine whether proper damages were awarded against Doak.