CHAVIS *v.* HILL.

4-8997                                              224 S. W. 2d 808

Opinion delivered November 21, 1949.

Rehearing denied December 19, 1949.

*A. D. Chavis,* for appellant.

*Reinberger & Eilbott,* for appellee.

HOLT, J.   This action was instituted by appellant, A. D. Chavis, to establish alleged title, the right to possession and rents of Negro residence property in the city of Pine Bluff. Appellee's answer was a general denial and upon a trial, the court found all issues in favor of appellee and dismissed appellant's complaint for want of equity. From the decree is this appeal.

Appellant admitted that he was basing his claim to title and right to possession of the property in question solely on a quitclaim deed from Sam and Fannie Word to him (A. D. Chavis) dated June 27, 1939, and recorded November 26, 1945. Appellant testified: "Is this deed (meaning the quitclaim deed above) the only evidence you have of title to this property? A. Yes, that is right." Therefore, in order to prevail he must do so on the strength of this quitclaim deed.

The record discloses that this property, by proper procedure, prior to the above quitclaim deed to Chavis, had been sold to Paving District No. 102 of Pine Bluff and title confirmed in the District January 4, 1938, subject only to the right of the owner to redeem within the statutory period of five years (Ark. Stats., 1947, § 20-1144); *Brasch* v. *Mumey,* 99 Ark. 324, 138 S. W. 458, Ann. Cas. 1913B, 38, and *Cutsinger* v. *Strang,* 203 Ark. 699, 158 S. W. 2d 669. The property was not redeemed.

September 9, 1940, Fannie Word executed deed to the property to Hattie Watson, while title was still in District No. 102. September 16, 1940, District No. 102 executed its deed to the property to Hattie Watson, and thereafter on March 28, 1944, Hattie Watson executed deed to the property to Sam Word. Sam Word died May 21, 1945, and his wife died May 3, 1947.

The deed in question was captioned "Quitclaim Deed." The granting clause provided: "We, Sam Word and Fannie Word, for and in consideration of the sum of fifty ($50) dollars, to us in hand paid, by A. D. Chavis, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, convey, and quitclaim unto said A. D. Chavis, and his heirs and assigns, forever, the following lands: (Describing the property here involved). . . ." The habendum clause provided: "To have and to hold the same unto said A. D. Chavis and unto his heirs and assigns forever, with all the privileges and appurtenances thereunto belonging." We hold that this instrument was, in effect, a Quitclaim Deed.

If the word "quitclaim" or any other word other than the statutory words "grant, bargain and sell" (Ark. Stats., 1947, § 50-401) appears in the granting clause, then the presence of such other words will take the conveyance out of the statute, if such other words, in their natural legal meaning are inconsistent with the legal import of the statutory words. Our cases of *Reynolds* v. *Shaver,* 59 Ark. 299, 27 S. W. 78, 43 Am. St. Rep. 36, and *Doak* v. *Smith,* 137 Ark. 509, 208 S. W. 795, are cases in which deeds were so held to be outside the statute. So here, in addition to the statutory words, the words "con-

vey and quitclaim" were used, which we hold took the conveyance out of the statute.

We must construe the deed from its four corners in determining the intention of the parties. Here, it is admitted by Chavis that he prepared the deed himself, and in his own handwriting. The grantors could neither read nor write. No words such as "warrant, defend or title," appear in the deed. It would have been an easy matter to have placed in the deed a clause of an expressed warranty had such been intended.

In these circumstances, appellant, Chavis, acquired no title to the property by virtue of the quitclaim deed from the Words for the reason that at that time title rested in District No. 102. The only interest the grantors then had was their right to redeem within the five-year statutory period. As indicated, they did not exercise this right. The fact that Sam Word later on March 28, 1944, secured a deed to the property from Hattie Watson did not strengthen Chavis' claim of title to the property for the reason that after-acquired property rights do not pass under a quitclaim deed such as we have here. (*Wells* v. *Chase,* 76 Ark. 417, 88 S. W. 1030.)

Accordingly, the decree is affirmed.

GRIFFIN SMITH, C. J., concurs.