## MALIN V. ROLFE.

Decided March 29, 1890.

1. *Deed—Construction.*

A deed should be construed most strongly against the grantor, and hence that part of it will be construed to precede which ought to take precedence; it should be so construed as, if possible, to give effect to it as a conveyance, and hence it will be allowed to have this effect, though it may lack formal words, if it contain sufficient words to convey the estate.

2. *Married woman—Deed to separate property.*

Where, in a deed to a wife's land executed since 1874, and signed by the husband and wife, the granting clause, reciting that the husband, L. H., grants the land to the purchaser, B., is followed by this clause, to-wit:

"Now I, M. H., wife of the said L. H., for the consideration above set forth, do hereby assign, release, relinquish and quit-claim all my right, title, interest and ownership to the said B."

*Held:* That the wife's relinquishment referred to the property elsewhere described in the deed, and that the deed operated to convey her estate therein.

APPEAL from *Cross* Circuit Court.

J. E. RIDDICK, Judge.

*Block & Bridges* and *Sanders & Watkins* for appellants.

Mollie Head had no dower interest, the property was her separate estate, and if any validity is attached to the deed of trust, it must pass her title. Deeds are most strongly construed against the grantor. The deed conveyed all the interest Mollie Head had. 51 Ark., 420; 43 Ark., 160; 43 Ark., 29.

*N. W. Norton* for appellee.

No apt words of conveyance were used to convey Mollie Head's separate estate. She did not join in the operative

words of the grant. 42 Ark., 357; 3 Wash. R. Pr., ch. 4, par. 20; 4 How., 225; 1 Metc., 542; 9 Mass., 161; 3 Mason, 347.

HUGHES, J. This is a suit in ejectment, in which the only question to be determined here is as to the sufficiency of a deed in trust executed by L. T. Head and Mollie Head his wife, who was the mother of all the appellees save Rolfe, who was their tenant, to John B. Bruner as trustee of the appellants, which deed formed a part of the appellants' claim of title, a copy of which was exhibited with their complaint.

The deed bore date the 15th day of March, 1884, and was made to secure the payment of a debt, which L. T. Head owed appellants and authorized the trustee Bruner upon default to sell and convey the property, which he executed by selling and conveying the property to the appellants, who were the purchasers at the sale. Possession was admitted by the appellees, and appellants' rights to possession denied.

The exceptions to this deed were in effect that Mollie Head joined in the deed only for the purpose of relinquishing dower to such property therein described as belonged to her husband; that she did not join in the granting clause of the deed; and that as to her separate property described therein said deed was void; that it contained no words sufficient to pass her title; and that the clause in said deed in reference to Mollie Head contained no description of property or reference to property elsewhere described.

The exceptions were sustained and appellants excepted. A trial was had before the court sitting as a jury, and appellants offered to read in evidence said deed of trust, which was excluded by the court upon the trial, to which appellants excepted. Judgment was rendered for appellees, and an appeal was taken by appellants. The question to be deter-

mined is presented by the record and there is no bill of exceptions. After reciting the premises, the granting clause in the deed by the husband begins:—

"Now, therefore, I, L. T. Head, for and in consideration of the premises and the sum of one dollar to me paid by John Bruner as trustee, have granted, bargained and sold, and by these presents do grant, bargain, sell and convey unto said John B. Bruner and his assigns as trustee the lands and tenements following, to-wit:" Then follows a description of the town lots, and the provisions for sale and conveyance by the trustee of the property, upon default of payment of the amount secured by the deed of trust. After which the deed concludes in these words: "Now I, Mollie Head, wife of the said L. T. Head, for the consideration above set forth, do hereby assign, release, relinquish and quit-claim all my right, title, interest and ownership to the said John B. Bruner, as trustee, conditioned as aforesaid. Therefore we, L. T. Head and Mollie Head, as man and wife, have this, the 15th day of March, set our hands and seals." The certificate of acknowledgement is that, "come the parties grantor and both acknowledged that they had signed the same for the uses, purposes and considerations therein set forth and desired me to so certify." Dower is not mentioned in the deed or certificate of acknowledgment.

Did the deed operate to convey the estate or interest of Mrs. Head in the lots described therein?

Since the adoption of the constitution of 1874, a married woman can convey her separate property as if she were single. *Bryan v. Winburn et al.*, 43 Ark., 28; *Stone v. Stone*, 43 Ark., 160.

1. Deed—Rule of construction.

The law will construe a deed most strongly against the grantor, and that part of a deed will be construed to precede, which ought to take precedence, no matter in what part of the instrument it may be found. *Doe v. Porter*, 3 Ark., 18; *Jackson v. Hudson*, 3 Johnson, 375.

A deed is to be so construed, as, if possible, to give effect to it as a conveyance; hence it will be allowed to have this effect although it may lack formal words, if it contains sufficient words to convey the estate. Devlin on Deeds, vol. 1, sec. 212.

**2. Married woman's deed to separate property.** If a married woman joins her husband in a conveyance as grantor, her estate passes. *Johnson v. Parker*, 51 Ark., 420. We are of the opinion that the words used by Mollie Head in the trust deed were sufficient to convey her estate in, and that they referred to, the property elsewhere described in the deed, and that the deed operated to convey her estate therein to the trustee John B. Bruner. There was error in the judgment of the court below in sustaining the exceptions to the same and in excluding it as evidence upon the trial.

The judgment is reversed, and the cause is remanded for further proceedings.