## John Lambert, Appellee, v. The Bell, Appellant. Gen. No. 16,492.

EVIDENCE—*when pleading not admissible as an admission.* An original declaration not sworn to and prepared by an attorney under a misapprehension of the facts is not competent against a plaintiff to overthrow an amended declaration and the evidence introduced in support thereof.

Assumpsit. Appeal from the Superior Court of Cook county; the HON. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 19, 1912. *Certiorari* denied by Supreme Court (making opinion final).

ROYAL W. IRWIN and FRANK W. KORALESKI, for appellant.

EMIL A. MEYER, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Appellee, Lambert, recovered a verdict and judgment for $1,200 against appellant, The Bell, a corporation, in the Superior Court of Cook county, upon an amended declaration, consisting of the common counts in assumpsit, and we are asked to reverse the judgment upon the grounds that the verdict is against the clear weight of the evidence and because of alleged errors of the court below in its rulings upon the evidence.

Appellee claims to have paid over, or loaned, to appellant, in June, 1906, the sum of $1,000, upon the agreement that he should receive a judgment note therefor, bearing six per cent interest, and should also be employed by the company as a salesman at $18 per week,—and that after it had received the money it kept putting off the giving of the note, and

in fact never did give it, and also, laid him off after three weeks.

Appellant admits that, at the time, it needed more money in its business, and concedes having received the money in question. It contends, however, that the transaction was not a loan of the money to it but was in fact a purchase by appellee of stock in the company, for which it claims to have issued and delivered to him a certificate for 100 shares of its stock, of the par value of $10 per share.

It appears that the suit was originally brought in December, 1906, in case against appellant and two of its officers or employes, and charged that appellee was induced by fraudulent representations as to its value, and that he should be employed by the company, to purchase stock in the company of the par value of $1,000, and claiming damages in the sum of $1,200. In October, 1909, the suit was dismissed as to the other two defendants,—the form of action was changed and the amended declaration filed. Upon this amended declaration the trial was had. Upon the trial appellant offered, but the court excluded, the original declaration; and appellant contends that this action constitutes reversible error. It appeared that the declaration was not sworn to or even signed by appellee, and he testified on the trial that he never told his attorney that he had agreed to buy stock in the company, and the attorney who drew the original declaration, testified that he got most of the information upon which it was based from the wife of appellee.

In Wenegar v. Bollenback, 180 Ill. 222, on page 234, Mr. Justice Magruder says:

"The learned author of the article on 'Evidence' in the Encyclopedia of Pleading and Practice says: 'The conflict of authority as regards the admissibility of an original pleading, which has been superseded

by amendment, renders the statement of a settled rule impossible. The majority of the decisions hold that such a pleading, duly verified, when necessary, is admissible in evidence as proof of the admissions made therein by the pleader. But the contrary view has been sanctioned by the courts in several of the jurisdictions in the United States.' (8 Ency. of Pl. & Pr., p. 27.) Here, the original bill was not verified, but was prepared by an attorney who either misunderstood, or had forgotten, the facts as stated to him by his client. The allowance or disallowance of amendments to pleadings is, as a general thing, discretionary with the court, but, after their allowance, the pleadings stand, as amended, in the place of, or supplemental to, those originally filed. 'The object of amendment is to correct mistaken, improvident or imperfect allegations and to allow the pleader to stand on grounds better considered.' If a party so amends his pleadings as to state the facts differently, he would derive no benefit from his amendment, if the adverse party were at liberty to use the first pleadings as an admission to overthrow the amended pleadings. (Holland v. Rogers, 33 Ark. 251; Mechan v. McKay, 37 Cal. 154.) Without definitely laying down the rule, that an original pleading, which has been supplanted by an amended pleading cannot be introduced in the same suit where both have been filed, as evidence of admissions made by the pleader, where such original pleading is verified by the oath of the party himself, we yet are of the opinion that when such pleading is not sworn to by the party, and is prepared by his attorney under a misapprehension of facts, as the evidence shows to have been the case here, such original unsworn pleading ought not to be admitted in evidence against the pleader.''

Under this authority and the circumstances shown

in the case at bar, we do not think the court below committed prejudicial error in its ruling.

Aside from this question, the controversy was essentially one of fact, upon which the jury and the court below saw and heard the witnesses and were better able to judge of the weight to be given to their testimony than we can be. Appellee expressly denies having received the certificate of stock in question, and the fact that, though appellant produced the receipts ·of the owners for the six certificates immediately preceding and the ten immediately following the one claimed to have been issued to appellee, may well have been considered significant by the jury.

In any event, we do not find the verdict to be against the clear preponderance of the evidence, and the judgment will be affirmed.

*Judgment affirmed.*