## Mount Olive Stave Company v. Handford.

### Opinion delivered April 20, 1914.

1. DEEDS—CONSTRUCTION—REPUGNANCY BETWEEN GRANTING AND HABENDUM CLAUSES.—A deed will be so construed as to give effect to the intention of the parties, and all parts of the deed should be so construed that they will, if possible, stand together; but if there is repugnancy between the granting and habendum clauses, the former will control the latter. (Page 525.)

2. DEEDS—CONSTRUCTION—OBSTRUCTION OF ENTRANCE TO LAND GRANTED.— Where by the express terms of a deed land was granted to the appellees, and by the habendum clause there was an added right given to the public to use the land for a public road, and for a railroad; held, appellees' right to the land was not dependent upon the use of the same by the public or the railroad, and that when the latter ceased to use the same, appellants could not fence off the land granted. (Page 526.)

Appeal from Independence Chancery Court; *Geo. T. Humphries,* Chancellor; affirmed.

*John T. Warner* and *McCaleb & Reeder,* for appellant.

1. The grant was purely for a public highway, and since appellees, by their own act, terminated its use as a public highway, the fee reverted to the Maxfields, and was conveyed by them to appellant discharged of any

right or easement in favor of appellees or of the public. 24 Ark. 102-108; 50 Ark. 467.

2.   No easement exists in favor of the appellees.   An easement will be extinguished by an act of the owners of the dominant estate which is incompatible with the existence of the right claimed.   52 Atl. 786; 17 Am. Dec. 710; 89 N. W. 819; 70 Atl. 682; 84 N. Y. Supp. 592; 24 L. R. A. (N. S.) 86; 118 N. Y. Supp. 890; 76 Atl. 705; 14 Cyc. 1192; *Id.* 1193; 38 Wis. 559; 32 S. W. 271; 13 L. R. A. 158; Tiedeman on Real Prop., § 608.   No way of necessity can be claimed.   14 Cyc. 1172-1175, incl.; Tiedman on Real Prop., § 609; 73 Vt. 375; 20 Tex. Civ. App. 59; 91 Me. 227; 29 Atl. 1075; 15 Am. Dec. 622; 2 McCord (S. C.) 445.

No easement exists by prescription.   Since the deed relied on shows the consent and acquiescence of the owners of the land for the strip to be used as a public roadway, there can be no *adverse* user.   59 Ark. 35; 47 Ark. 431; 22 Ia. 457.

*Ernest Neill,* for appellees.

So far as appellees' right of action is concerned, it is immaterial whether the grant of Maxfield conveyed a public or private way.   The deed is in fact a conveyance of the entire strip of ground to appellees in fee simple with the condition that it always be kept open to the free use of the public.

"A deed will be construed according to the intention of the parties as manifested by the language of the whole instrument, giving all parts such construction, if possible, that they will stand together, but where there is a repugnancy between the granting and habendum clauses, the former will control the latter."   78 Ark. 231.

"The habendum may enlarge or extend, but not abridge, the estate limited in the premises.   A deed should be construed most strongly against the grantor."   53 Ark. 107; Elphinstone, Interp. Deeds, 217, rule 66.  See also, 98 Ark. 570, and cases cited; 14 Cyc. 1160, note 81; *Id.* 1201; 51 N. H. 158.

HART, J.    Prior to the 10th day of June, 1891, Theo. Maxfield and his brothers were the owners of a strip of land consisting of about fifteen acres, extending east and west along the north bank of White River, and joining the city of Batesville on the west.    On the above mentioned date, the Maxfields sold the eastern portion of said tract, consisting of 7.75 acres, to J. S. Handford and others, the appellees in this action.    Pursuant to an agreement made when this deed was executed, on the 20th day of October, 1897, the Maxfields executed a deed for a strip of land thirty feet wide running through the remaining portion of said tract.    This deed, after reciting the agreement under which it was executed and describing the strip of land thirty feet in width, contains the following:

"Now, therefore, in consideration of the premises above recited, and of the sum of one dollar to us in hand paid, we, the said Theodore Maxfield and Charles W. Maxfield, do hereby grant, bargain, sell and convey unto the said C. R. Handford, W. H. Hallett and J. S. Handford, partners as C. R. Handford & Co., their and each of their assigns, the said parcel of land herein above last described, being the width of thirty feet.    To have and to hold the same to their use and behoof for a public railroad or other public roadway, to be kept open and free to the public."

The west end of the thirty-foot strip intersected River Street, a street running north and south in the city of Batesville.    Before this last conveyance was made, the railroad track had been laid along the thirty-foot strip of land, and a public road also extended along it parallel with the railroad track.    Appellees had a cedar yard on the 7.75 acre tract first conveyed to them, and the public used the road along the thirty-foot strip in going to and from this cedar yard, and also traveled across appellees' 7.75-acre tract in going to and from a ferry on White River.    At that time there was no fence around any part of this land.    On the 6th day of November, 1906, Maxfield conveyed the western portion of the fifteen-acre tract,

across which extended the thirty-foot strip, to the appellant, Mount Olive Stave Company. In about two years thereafter the railroad track was taken up from the thirty-foot strip of ground, and, according to the testimony of appellant, appellees ceased to run a cedar yard on their 7.75 acres of land, and fenced it up and began to use it for agricultural purposes. The witnesses for appellant also say that some time thereafter the public ceased to use the public road on the thirty-foot strip of land, and that the public railroad thereon was abandoned. They also state that appellees had egress from their 7.75 acre tract of land by a public road which ran along their eastern boundary line. Appellees admitted fencing up their 7.75 acres of land, but state that they continued to use it thereafter for the purpose of storing cedar, and that the public used the public road on the thirty-foot strip of land; that appellees and their tenants continued to use this road for the purpose of ingress and egress to their land until the same was obstructed by appellant in the year 1911. Appellees also introduced evidence tending to show that they had no other means of egress and ingress to their 7.75 acres of land.

This action was instituted in the chancery court by appellees against appellant, and the prayer of their complaint was that appellant be restrained from closing and keeping closed the strip of land above mentioned, thirty feet in width, and that they have damages against appellant on account of the injury suffered by the obstruction already placed on said road.

The chancellor found in favor of appellees and granted a perpetual injunction in accordance with the prayer of the complaint, and the case is here on appeal.

In construing a deed, the object sought is to ascertain and give effect to the intention of the parties, and this is to be effected by giving to all parts of the deed such construction, if possible, that they will stand together. But if there is repugnancy between the granting and the habendum clauses, the former will control the latter. *Dempsey* v. *Davis*, 98 Ark. 570; *Whetstone* v. *Hunt*, 78

Ark. 231. In the application of these cardinal rules of construction, it may be said that the strip of land thirty feet in width in controversy in this action was granted to appellees in fee-simple, and by the habendum clause, a right-of-way for a public road and for a railroad was also given. In other words, by the express terms of the deed, the land itself was granted to appellees, and in the habendum clause the restriction was added that the land granted should be used by the public for a public roadway and for a public railroad. It can not be said, as contended by counsel for appellant, that the parties intended that the deed should only convey an easement for a public road and for a railroad, and that whenever the railroad track was taken up and the public ceased to use the roadway, the right of appellees to the land was extinguished. Such construction would give no effect to the grant to appellees. As above stated, by the express terms of the deed, the land itself was granted to appellees, and by the habendum clause, there was an added right given to the public to use the land in controversy for a public road, and also that it might be used for railroad purposes. In this way all parts of the deed harmonize with each other. To give to the deed the construction contended for by appellant would cause the granting and habendum clauses of the deed to conflict, and, according to the settled rules of construction, the latter must give way to the former because of the repugnancy between them. In either event, the decision of the chancellor was correct; for, if it be said that there was a repugnancy between the granting and habendum clauses of the deed, no easement was granted to the public over the strip of land in controversy, and the rights of appellees to use it could in no sense depend upon the abandonment of its use by the public. So, too, if the construction which we have placed upon the deed is correct, the land itself was granted to appellees, and their right to use the same as a passageway to and from their land did not depend upon the use of it by the public. Their right to use it as such passageway, having been expressly granted to them by

the terms of the deed, remains to them notwithstanding the public may cease to use the strip of ground as a public road.

Other questions are discussed by counsel for the respective parties in their briefs; but we do not deem it necessary to consider them or to set out the evidence relating to them. They are in no way connected with, or related to, the issue we have determined, and, having adopted the construction of the deed announced above, it is wholly unnecessary to discuss or determine them. From the construction we have placed on the deed, it follows that the decree of the chancellor was correct, and it will be affirmed.