HOLMES *v.* COUNTISS.

4-5022

Opinion delivered April 11, 1938.

*John C. Sheffield,* for appellant.
*Burke, Moore & Walker,* for appellee.

DONHAM, J. The question involved in this appeal is whether a deed from J. M. Countiss and wife to T. B. Holmes, which deed is set out in the complaint filed by appellant in the court below, was sufficient to convey an after-acquired title. It is alleged in the complaint that on August 31, 1932, Countiss and wife executed and delivered the deed in question to appellant. The deed recites that in consideration of $10 cash in hand paid by Holmes and other good and valuable considerations, Countiss and wife "have bargained and sold and by these presents do bargain, sell and quitclaim". unto T. B. Holmes and his heirs and assigns forever 320 acres of land, which lands are specifically described. It is alleged that at the time of the conveyance the grantors had no title; that the title was in the Fourth & Pine Company, which company subsequently sold the lands described in said deed to one Lacey, who in turn conveyed part of the lands in 1935 and in 1936 to Countiss, appellee herein, and had contracted to convey the remainder of said lands to him. Appellant alleged that the title to the lands had vested in himself as an after-acquired title. He states that he is in possession of 160 acres of said lands; and that Countiss' claims are a cloud upon his title. The prayer is that the title be quieted in Holmes; that he be put in possession of the lands; and that he have judgment for rent and damages.

Appellee demurred to the complaint on the ground that the deed in question did not carry or convey an after-acquired title and since it was admitted that the grantors had no title at the time of its execution, the complaint did not state facts sufficient to show title in Holmes, the allegations of the complaint being, therefore,

insufficient to constitute a cause of action. The trial court sustained the demurrer. Plaintiff, being appellant here, declined to plead further, excepted to the decree of the court dismissing his complaint, and prayed an appeal to this court.

There is but one issue to be decided on this appeal and it is agreed by the parties to this litigation that said issue is properly stated as follows: "The sole question involved in this litigation is whether the deed which is set out in the complaint from J. M. Countiss and wife to T. B. Holmes carried an after-acquired title." The granting clause of the deed in question reads as follows: "I, J. M. Countiss, and wife, Willie Countiss, for and in consideration of the sum of $10, cash in hand paid to me by T. B. Holmes, and for other good and valuable considerations, have this day *bargained* and *sold* and by these presents do *bargain, sell* and *quitclaim* unto the said T. B. Holmes and unto his heirs and assigns forever the following described lands in Phillips county, Arkansas, and more particularly described as follows:" (Here follows the description.)

The *habendum* clause of the deed reads as follows: "To have and to hold all of the above-described lands unto the said T. B. Holmes, and unto his heirs and assigns forever, together with all of the improvements and appurtenances thereunto belonging or in any wise appertaining." The deed contained no express covenant of warranty.

In the case of *Jackson* v. *Lady,* 140 Ark. 512, 216 S. W. 505, this court said: "In the construction of a deed like any other contract it is the duty of the court to ascertain, if possible, the intention of the parties, especially that of the grantor. The whole deed is to be looked to and every sentence and word of it made to take effect if possible. Deeds are construed most strongly against the grantor or most favorably for the grantee. A deed must be so construed that all of its parts may be harmonized and stand together, if the same can be done, and carry out the manifest intention of the parties. Endeavoring to ascertain the intention of the parties the court will look not only to the contents of the deed, but will consider the relations of

the grantor to the property conveyed. The intention is to be gathered from a consideration of the whole instrument rather than from particular clauses, but if there is a repugnancy between the granting clause and the habendum, the former will control the latter so as not to defeat the grant.

"The above are but hornbook rules of construction which have been announced and uniformly adhered to by our court from almost its very beginning to the present time. See *Doe* v. *Porter*, 3 Ark. 18, 36 Am. Dec. 448; *Gullet* v. *Lamberton*, 6 Ark. 109; *Malin* v. *Rolfe*, 53 Ark. 107, 13 S. W. 595; *Jenkins* v. *Ellis*, 111 Ark. 220, 163 S. W. 524; *Mt. Olive Stave Co.* v. *Handford*, 112 Ark. 522, 166 S. W. 532, and other cases to like effect cited in 2nd Crawford's Digest, Deeds, 3 Construction and Operation 1639.

"Of course, it is also one of the cardinal rules of construction that if the language of the granting clause is so plain that it cannot be misunderstood then there is no room for construction and other clauses must harmonize with this or yield to it. See *Swayne* v. *Vance*, 28 Ark. 285. But this rule never applies where reconcilement between the clauses is possible upon consideration of the whole instrument so as to carry out the intention of the grantor in making the deed. See *Swayne* v. *Vance*, *supra*, and other cases cited *supra*."

Again, in *Cummins Brothers* v. *Subiaco Coal Co.*, 150 Ark. 187, 233 S. W. 1075, this court said:

"A deed must be so construed that all of its parts may be harmonized and may stand together, if same can be done, and yet carry out the manifest intention of the parties."

In this case, the court further held: "To ascertain the intention of the parties, not only must the contents of the deed as a whole be considered, but also the relation of the grantor to the property conveyed."

In *Holland, Administrator,* v. *Rogers,* 33 Ark. 251, this court held: "A simple bargain and sale of land, in writing, in words of the present, and without any more is a conveyance, operating under and by virtue of the statute of uses, always upon sufficient consideration. It was

devised in England, as a common assurance, soon after the passage of the statute and has become the most common mode of conveyance in the United States. It is more than a quitclaim or a release; it actively effects a divestiture of title from the grantor, and transmits it to the grantee, with or without covenants of warranty, and it is no less a conveyance in the strictest sense because it may also have clauses of quitclaim or release. It comes within § 832 of Gantt's Digest, and passes to the grantee any after-acquired title of the grantor. At least in the present case there can be no question of its efficacy in this respect, as such was its obvious intention, expressed upon the face.''

It would seem from the above case that the deed involved in the instant case is something more than a quitclaim deed. That is, that the grantors in said deed attempted to convey something more than their right, title and interest in and to the lands described in the deed. However, in a later case, *Wells* v. *Chase,* 76 Ark. 417, 88 S. W. 1030, the court held: ''The deed in question is somewhat peculiar in its terms. It recites that the grantors 'have sold and released and quitclaimed' to the grantees, Wells and Gray, an undivided one-tenth interest in 'the following mining and mineral lands and claims,' describing the claims in controversy, and others. The habendum clause contains a stipulation that the grantors will 'forever defend the title aforesaid against all parties who hold under or through' the said grantors. The effect of the deed was to convey to the grantees whatever title the grantors then had to the undivided one-tenth interest, and to warrant against any prior conveyances or incumbrances made or suffered by the grantors; but it did not purport to convey any title except what the grantors then had. They then had title to a lode claim, which was subsequently abandoned and forfeited. This is all that passed by the deed, and another title subsequently acquired did not pass.''

The granting clause, it will be seen, in the deed which was under consideration in the last-above case was as follows: ''Have sold and released and quitclaimed.''

The property which the grantors attempted to convey was described as: "An undivided one-tenth interest in the following mining and mineral lands and claims." Following this, there was a description of the property covered by the deed. This court held that the effect of this deed was to convey to the grantees whatever title the grantors then had to their undivided one-tenth interest and a warrant against any prior conveyances or incumbrances made or suffered by the grantors. It will be noted that the court said that the deed did not purport to convey any title except what the grantors then had. In other words, the court held that the deed was a quitclaim deed; and that because it was a quitclaim deed an after-acquired title did not pass to the grantees. Thus, it will be seen that the holdings of this court in the last two mentioned cases were not altogether harmonious. In the first of said cases, although the granting clause was no stronger nor more effective than the granting clause in the second deed, yet the court held that the conveyance was more than a quitclaim and that it actually conveyed an interest in the lands described therein; while in the latter case, the court held that the conveyance amounted to a quitclaim only and that another title subsequently acquired did not pass by reason of the deed.

Section 1795, Pope's Digest, provides that the words "grant, bargain and sell," shall be an express covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple, free from incumbrance done or suffered from the grantor, except rents or services that may be expressly reserved by such deed, as also for the quiet enjoyment thereof against the grantor, his heirs and assigns, and from the claim and demand of all other persons whatever, unless limited by express words in such deed. It will be noted, however, that the words contained in the granting clause in the deed under consideration in the instant case are not "grant, bargain and sell," but "bargain, sell and quitclaim." It is evident that these words, as used in the deed under consideration, are not of the same import as the words "grant, bargain and sell" used in the statute.

It will be noted that the word "grant," which word is regarded as ordinarily applicable to the conveyance of freehold estates, is omitted.

In *Gibson* v. *Chouteau*, 39 Mo. 536, it was held that the words "bargain, sell, release, quitclaim and convey" are words of release and quitclaim merely, which carry the grantor's interest and estate in the land described, whatever it may be, but do not of themselves purport to do anything more, and do not even raise the statutory covenant implied in the words "grant, bargain and sell."

Again, in the case of *Webb* v. *Elyton Land Co.*, 105 Ala. 471, 18 So. 178, it was held that a deed purporting to "bargain and sell," as well as to "quitclaim," may for the purpose of fixing the status of the grantee therein, as that of one who is not a *bona fide* purchaser without notice, be treated as a mere quitclaim.

Again, in the case of *Derrick* v. *Brown*, 66 Ala. 162, it was held that the use of the words "bargain and sell," although such words are declared by statute to be words of implied warranty if used without qualification, will not alter the character of a deed which also employs the word "quitclaim" and expressly limits its granting effect to the "right, title, interest, estate, claim and demand" of the grantor.

Again, in the case of *Wightman* v. *Spofford*, 56 Iowa 145, 8 N. W. 680, it is held that the character of the grant under a quitclaim deed is not affected by the fact that the deed also contains the words "bargain and sell."

In the case of *Bruce* v. *Luke*, 9 Kan. 201, 12 Am. Reports, 491, it was held that a deed which uses as words of conveyance the words "grants, bargains, sells, aliens, releases, quitclaims and conveys," and which contains no claim or covenants of seizin, or right to convey, or warranty of title or possession, is a mere quitclaim which will not estop the grantor from afterwards asserting an after-acquired title.

In the case of *Jernigan, Bank Commissioner,* v. *Daughtry,* 194 Ark. 623, 109 S. W. 2d 126, this court said: "The situation is not essentially different from one wherein a person might attempt to convey property under circumstances and conditions making him a total stranger

to the title of the property deeded by him, but if he conveyed by solemn deed and covenants of warranty, as in the case before us, there is no question but that an after-acquired title to property conveyed would inure to the benefit of his grantee."

In the instant case, the grantor did not convey by solemn deed containing covenants of warranty. If it is only in case of a conveyance by solemn deed containing covenants of warranty that after-acquired titles inure to the benefit of the grantee, then, of course, the deed under consideration does not meet the necessary requirements.

It seems from the form used in executing the deed in the instant case that a mere quitclaim was all that was intended by the parties. The quitclaim deed form in common use in this state was used. It is generally understood that deeds executed by using these forms are mere quitclaims. These forms contain the following operative words: "Have bargained and sold, and by these presents do bargain, sell and quitclaim." These operative words are followed by the description and the common form of habendum. The statutory words of warranty are omitted in the granting clause and there is no express covenant of warranty. If this is not a quitclaim deed, then, as stated by counsel for appellee, "many persons, including outstanding lawyers, have for many years been conveying land under a grievous error." Believing, as we do, that it was the intention of the parties that the deed should be regarded as a mere quitclaim, and further believing that this is the import of the deed construed as a whole, we hold that it was not sufficient to convey appellee's after-acquired title.

The decree of the court below is, therefore, affirmed.