Charles R. SHINN et al *v.* Mary SHINN et al

81-142 623 S.W. 2d 523

Supreme Court of Arkansas
Opinion delivered November 9, 1981

*Crumpler, O'Connor & Wynne,* for appellants.

*Robert D. Smith, III* and *H. Vann Smith* of *Smith, Jernigan & Smith,* for appellees.

DARRELL HICKMAN, Justice. The question on appeal is whether the trial court was right in holding that the appellee, Mary Shinn, a widow, had an undivided one-fourth interest in land because she and her deceased husband held that interest by the entirety and not as tenants in common. We agree with the trial court and affirm the decree.

All we have is the face of the instrument itself. In such a case we are to find the intention of the grantor by examining the language used and putting ourselves as nearly as possible in the position of the parties to the deed. *Gibson* v. *Pickett,* 256 Ark. 1035, 512 S.W. 2d 532 (1974).

The relevant portion of the granting clause reads that the property is granted to:

> . . . R. N. Shinn and Mary Shinn, his wife; Billy W. Shinn (single); Wayne M. Newton and Sarah Newton, his wife, & Shinn Investments Ltd. (Shinn Investments Ltd. being a limited partnership including G. J. Shinn and Mary Sue Shinn, general partners) GRANTEES . . . as tenants in common, . . .

By one interpretation this language could mean that every person named, the partnership being one person, held the land as tenants in common; that is, each had an undivided 1/6th interest. That would be the holding if we decided that the words at the end "as tenants in common" controlled the entire granting clause. That is the argument of the appellants, and Ark. Stat. Ann. § 50-411 (Repl. 1971) is cited as authority for that argument. The appellants are the children of R. N. Shinn. R. N. Shinn died testate after the deed was executed and the appellants, by the will, would

stand to acquire all their father's 1/6th interest by such a holding.

But we agree with the trial court's interpretation of the language for three reasons. First, the only consistent finding, giving all the language some significance, is that four undivided interests were created. The two married couples are mentioned together, and in both instances it is spelled out that they are to be considered as one: "R. N. Shinn and Mary Shinn, his wife;" "Wayne M. Newton and Sarah Newton, his wife." That language creates an estate by the entirety without question. *Foster* v. *Schmiedeskamp,* 260 Ark. 898, 545 S.W. 2d 624 (1977). Second, the punctuation in the instrument clearly separates the parties into four groups. The husbands and wives are named, then separated by a comma, or semi-colon, from the next named party. The punctuation clearly indicates that R. N. Shinn and his wife, Mary, are one; Billy W. Shinn is one; Wayne M. Newton and his wife, Sarah, are one; and, the partnership is one. Third, to hold that the words "as tenants in common" control would mean we would have to ignore the words "and wife" and the punctuation, and, in doing so, totally ignore any of the grantor's intent that these factors relate. Ark. Stat. Ann. § 50-411 would only control this situation if the grantor had not granted the Shinns and Newtons their interests by the entirety. There is no doubt that husbands and wives can share their estates by the entirety with other grantees in common. *See Dennis* v. *Dennis,* 152 Ark. 187, 238 S.W. 15 (1922).

We do not commend the clarity of the language in the deed because it is not artful. But when the law, language, and punctuation of this instrument are all considered, the only interpretation that can be made, without ignoring any of those factors, is the one we have made.

The appellants also attempt to raise an issue for the first time on appeal. It is suggested that pleadings and documents filed by Mary Shinn in the matter of her husband's estate reflect tht she does not claim that she and her husband held this interest by the entirety. That argument was not made at the trial level, the trial judge apparently ruling on

the declaratory judgment suit without holding a hearing. The appellants should have sought relief from the trial court before appeal. We cannot consider the argument for the first time on appeal. *Wilson* v. *Lester Hurst Nursery*, 269 Ark. 19, 598 S.W. 2d 407 (1980); *Hazen* v. *City of Booneville*, 260 Ark. 871, 545 S.W. 2d 614 (1977).

Affirmed.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I believe the result reached in this case is not consistent with the basic rule of construction of deeds as stated in scores of cases: in determining the intention of the parties, a deed is to be construed from its four corners so as to give effect, if possible, to the entire instrument and harmonize all its parts. *Gibson* v. *Pickett*, 256 Ark. 1035, 512 S.W. 2d 532 (1974); *Davis* v. *Collins*, 219 Ark. 948, 245 S.W. 2d 571 (1952); *Holmes* v. *Countiss*, 195 Ark. 1014, 115 S.W. 2d 553 (1938).

Here, one of two courses is open: we can treat the words "his wife" as intending to convey an estate by the entirety; or we can treat the words "as tenants in common" as intending to convey just that, a tenancy in common. By taking the second course we can give full effect to all the wording in the deed and harmonize all its parts. But by taking the first course, the words "tenants in common" must necessarily be disregarded and given no effect. That, I believe, is counter to the great body of case law of this state. While I find no case that plainly states it, I think the cases holding that a tenancy by the entirety is created simply by a conveyance to grantees who are, in fact, husband and wife do not intend that construction to be conclusive, so that words of a different import are ignored. There is a strong implication of that in the language of *Foster* v. *Schmiedeskamp*, 260 Ark. 898, 545 S.W. 2d 624 (1977):

> However, under Arkansas law where property is conveyed to or purchased by a husband and wife in their joint names *with nothing else appearing* the

property is deemed to be held as an estate by the entirety with the right of survivorship. (Emphasis mine.)

I respectfully dissent.