## CANNCO CONTRACTORS, INC. et al *v.*
## Cullen LIVINGSTON, et al

84-31                                          669 S.W.2d 457

Supreme Court of Arkansas
Opinion delivered May 21, 1984

*David F. Gillison, Jr.,* and *Alex G. Streett,* for appellant.

*Drew & Mazzanti,* by: *William H. Drew,* for appellee.

DARRELL HICKMAN, Justice. This suit concerns two deeds executed by W. G. Streett and his wife, Woodie, to the

Memphis, Helena and Louisiana Railway Company, and its successors and assigns. The company was succeeded by the Missouri Pacific Railroad Company. Both instruments were for land which adjoined the railroad in Lake Village, Arkansas. The first deed was styled "Deed for Right-of-Way" and was executed in 1902. It provided that the right-of-way was for so long "as used for the purposes of a railroad and no longer." A year later an instrument entitled "Deed" was executed conveying another tract of land. It contained no language providing for the purposes for which the land was to be used. Consideration for both was one dollar and the benefits which were to accrue to the Streetts from the building of the railroad.

The Livingstons, Cullen, Bobby and Richard, d/b/a Livingston Pecan and Metal Company, the appellees, had their private business establishment on part of the property in question. One of the appellants, Cannco Contractors, Inc., had a concrete business on another part of the property. Cannco was notified by Missouri Pacific that it had sold its interest obtained in these deeds to the Livingstons. It was in June of 1980 that Missouri Pacific transferred the land by quitclaim deed to the appellees. Cannco contacted the heirs of W. G. Streett and Woodie, and through a series of five quitclaim deeds from these heirs, claimed title to most of the property. A law suit was filed in Chicot Chancery Court to resolve the title dispute. There were claims for damages, rent and other incidental relief. The Streetts' heirs retained a fraction of the property and joined in claiming part of the land as still theirs.

The chancery court found that the deed for the right-of-way was just a grant of an easement, but that the easement had not been abandoned since the property was being used for railroad purposes because tracks remained in place and the Livingstons were still using them for shipping just as they had been used before. The trial court denied the appellants any relief for their title claims and found that the second deed executed in 1903 was a conveyance in fee; consequently, the court denied the appellants any claim for relief under that deed, entered an order disposing of all the claims of the various parties, found no conspiracy between Cannco and the Streetts, and denied any claim for compen-

satory or punitive damages in that regard. Both parties appealed. We affirm the decree in part and reverse and remand in part. It is unnecessary for us to reiterate all the testimony of the witnesses or elaborate on all the questions raised because there is ample evidence to support most of the chancellor's findings, and we cannot say that he was clearly wrong except in two instances.

We find that Missouri Pacific Railroad Company, a successor to the grantee, had abandoned the right-of-way since it had deeded the property to a private individual who was not a successor or assignee. The property was no longer being used for railroad purposes in accordance with the intent of the grantors in the right-of-way deed; therefore, that part of the decree is reversed.

According to the evidence, Missouri Pacific decided to sell the land in question because it was no longer required for railroad operations. That is undisputed. The property was retired from Missouri Pacific's accounting books and eliminated from its taxation record. The land was sold to the Livingstons for a total consideration of $30,666.00. In connection with the sale, Missouri Pacific entered into an industrial track agreement with the Livingstons, under which Missouri Pacific could use the tracks but had no responsibility to maintain them. It is a common practice to require an industrial track agreement by private owners with connections to Missouri Pacific tracks. A witness for Missouri Pacific testified that Missouri Pacific simply did not sell its railroad property to others to operate a railroad. There was no provision in the agreement binding the Livingstons to continue to use the tracks; the property could be abandoned or sold at any time.

There is no question that Missouri Pacific could abandon its interest in the right-of-way; the only question is whether it did so by its conveyance of the property to the Livingstons and whether the property was no longer used for "railroad purposes" as contemplated in the original 1902 deed of right-of-way. Abandonment has been defined as "to relinquish or give up with the intent of never again resuming or claiming one's right or interest; to give up absolutely, to forsake entirely, to renounce utterly, to

relinquish all connection with or concern in." *Hyde* v. *Hyde*, 240 Ark. 463, 400 S.W.2d 288 (1966). In *Gurdon & Ft. Smith Railroad Co.* v. *Vaught*, 97 Ark. 234, 133 S.W. 1019 (1911), a railroad that had received a right-of-way easement for railroad purposes only, did not make use of the property for twenty years and then attempted to convey it. We found abandonment and said:

> The question as to whether or not a railroad company has abandoned a right-of-way acquired by it is to a great extent one of intent; but such intention can be established by the acts of the company clearly indicating its purpose not to use such right-of-way and by long nonuse thereof.

In *Boyd* v. *Pierce*, 278 Ark. 161, 644 S.W.2d 927 (1983), we construed a right-of-way deed and held there was a clear abandonment when the railroad conveyed property occupied by a gin to a private person. We said: "The railway company produced no proof that it had any immediate or future plans to use the vacant lot in furtherance of its business."

There are numerous other cases in this state and other states to the same effect. *See Miller* v. *Empire Rice Mills*, 228 Ark. 1161, 312 S.W.2d 925 (1958); *Barton* v. *Jarvis*, 291 S.W. 38 (Ky. 1937). Abandonment will be more readily inferred when the easement is granted for public purposes than when for private use. *Gurdon & Ft. Smith Railroad Co.* v. *Vaught, supra.*

But the trial court found and appellees argue that the tracks are still in existence and the property is being used for "railroad purposes," exactly as it was before. That the tracks still exist and are used by a private concern, that the track agreement exists, and that the Livingstons are "shippers" within the meaning of Ark. Stat. Ann. § 73-1309 (Repl. 1977), does not change the fact that Missouri Pacific, the successor to the original grantee, deeded the property to a private concern and abandoned it for railroad purposes. The original deed was to a public railroad company, its successors and assigns, for railroad purposes. The Livingstons' private use was not intended to be within the meaning of the grant of the right-of-way deed. A "railroad purpose" is

one which is primarily for the benefit of the public, and not a private individual. *Missouri, Kansas, Texas Railroad Co.* v. *Freer,* 321 S.W.2d 731 (Mo. App. 1958).

Here Missouri Pacific may receive incidental benefits because the Livingstons use the railroad to ship their products, but the primary benefit is still to the Livingstons' business, not the railroad, and certainly not the public. *See City of Sturgeon* v. *Wabash Ry. Co.,* 223 Mo. App. 633, 17 S.W.2d 616 (1928), (Railroad leased part of its right-of-way for the storage and sale of coal; held not to be "railroad purpose.") For example, in *Miller* v. *Empire Rice Mills, Inc., supra,* the railroad deeded part of the land to a rice mill that it had been given as an easement for railroad purposes. This court said, "[I]t is obvious that they [two parcels of land] were no longer used for railroad purposes."

The basic rule of construction of deeds is to ascertain and give effect to the real intention of the parties, particularly that of the grantor, as expressed by the language of the deed if not contrary to law. *See Shinn* v. *Shinn,* 274 Ark. 237, 623 S.W.2d 526 (1981). The intention of the parties must be gathered from the four corners of the instrument. *Gibson* v. *Pickett,* 256 Ark. 1035, 512 S.W.2d 532 (1974). In our judgment the Streetts did not intend to sell their land to a private individual or corporation when they granted the easement to the railroad — a public corporation. Nor did they intend for "railroad purposes" to include private enterprises.

The trial court also erred in awarding $300 to the appellees for damage to a switch. There is no evidence to support the court's finding. The appellees argue that that was simply an oversight on the part of the court and that the $300 was actually awarded for damage to a track, not a switch. Neither can we confirm this from the record. The dispute can be resolved on remand.

We have reviewed the other arguments of the appellant and cross-appellants and find them to be without merit. In view of our ruling, the trial court will have to conduct another hearing to enter a decree consistent with our holding herein.

Affirmed in part and reversed in part.

Supplemental Opinion on Motion for Clarification
Delivered June 25, 1984

670 S.W.2d 454

DARRELL HICKMAN, Justice. The appellants in this case ask for clarification of our opinion. We reversed and remanded, holding that part of the land in question was no longer being used for railroad purposes as the deed of right of way which conveyed that land required. That was the chief question before us concerning one deed. Any request for quieting title is a matter for the trial court. The holding of the trial court regarding the other deed was upheld. What the trial court should do is enter findings, after a hearing if necessary, which will be consistent with our ruling; that is, considering our decision regarding the deeds, the trial court should find whether rent is owed and whether CannCo should be required to move its plant.

Aside from our holding with regard to the deed of right of way, we held that the trial court's award of $300 for damage to a switch was erroneous so far as the record on appeal is concerned. As stated in the opinion we found that the other arguments, including those raised on cross-appeal, were without merit.