Cullen LIVINGSTON, et al
*v.* J. Bruce STREETT, et al

84-297                                    686 S.W.2d 794

Supreme Court of Arkansas
Opinion delivered April 1, 1985
[Rehearing denied May 6, 1985.]

*W. H. Drew,* of *Drew & Mazzanti,* for appellants.

*David F. Gillison, Jr.* and *Alex G. Streett,* for appellees.

JOHN I. PURTLE, Justice. This is the second time we have reviewed this case. In *Cannco Contractors, Inc. v. Livingston,* 282 Ark. 438, 669 S.W.2d 457 (1984), we remanded the matter to the trial court for redetermination of ownership of certain lands. This is an appeal from the trial court's second decision. The appellants argue that the chancellor did not comply with our first decision in the case and that the trial court should have granted summary judgment. The chancellor applied the law in accordance with our mandate and correctly refused to grant summary judgment.

We reversed in part and affirmed in part on the first appeal. The reversal related only to abandonment and damages. We held that the railroad had abandoned the property and that nothing in the record supported an award

for $300 damages. These two things were all that we reversed. All other holdings were affirmed and are binding upon the parties and the courts.

When the case was returned the parties submitted the same briefs and arguments which were used in this court to the trial court. Each party moved for a summary judgment and the court denied both motions. No additional testimony or evidence was offered before the trial court. In accordance with his interpretation of our opinion and mandate the trial judge considered the facts and evidence and awarded ownership of the abandoned railroad property to different parties.

This appeal relates to lands designated on Exhibit 17 as tracts "A" and "C." Both tracts were parts of a grant to the railroad made in 1902. The Streetts deeded the property to the railroad with the restriction of "so long as it shall be used for railroad purposes." Other lands were deeded to the railroad in fee and these lands are not here in question. We held on the first appeal that the railroad abandoned this right of way when it sold the land to the Livingstons in 1980. When the grantee abandoned the property the title reverted to the Streetts or their assigns. Cannco purchased tract "A" from the Streetts after the railroad deeded it to the Livingstons. Tract "C" was not deeded to anyone except Mopac and it was proper for the court to confirm title in tract "C" in the heirs of Streett and tract "A" in Cannco as it derived its title from the Streett heirs. Since Cannco was given title to tract "A" it was proper for the court to disallow the $300 it had found Cannco owed the Livingstons.

The decree of the trial court is affirmed in all matters.

Affirmed.