Skip LOVELL, et al. *v.* MAGNET COVE SCHOOL
DISTRICT NO. 8

89-155                                              782 S.W.2d 41

Supreme Court of Arkansas
Opinion delivered January 8, 1990

*Hickam & Williams, P.A.*, by: *D. Scott Hickam* and *Lynn
Williams*, for appellants.

*Spears and Hopkins*, by: *George Hopkins*, for appellee.

DARRELL HICKMAN, Justice. The questions posed by this
case are whether the legislature can cut off a claim of adverse
possession before it vests, and is that what occurred in this case?
The answer to both questions is yes.

The facts are not disputed. The appellants took possession of
certain land in Hot Spring County in 1975. The appellee school

district claimed the land under a deed, recorded in 1951, from the federal government. On September 11, 1985, the school district filed an ejectment action in Hot Spring County Circuit Court. The appellant defended, claiming title by adverse possession. Also the court's jurisdiction was questioned because the appellants raised the defenses of unjust enrichment, laches and equitable estoppel, which are cognizable in equity, not law courts.

The school district filed for summary judgment on the basis of legislation which prohibits claims and defenses of adverse possession when asserted against a school district. The appellants argued those statutes are unconstitutional because they attempt to divest property rights which have vested. The court granted summary judgment in favor of the school district.

The legislation in question is, in our judgment, a clear expression by the legislature that adverse possession claims will be cut off against school property. The provision in question is § 2 of Act 209 of 1981, which reads:

> Hereafter no title or right of possession of any public school system property, or any portion thereof, shall or can be acquired by adverse possession or adverse occupancy thereof, and the right of the public school system or of the proper school authorities of any public school system shall not be defeated in any action or proceeding by reason of or because of adverse possession or adverse occupancy of any such public school system property, or any portion thereof, where the party or parties claiming such adverse possession commence legal action after January 1, 1983. This Act is to serve as legal notice to such parties that claims to adverse possession of public school properties commenced after January 1, 1983, shall be unwarranted and ineffective, and such claim shall be dismissed by the appropriate court.

This act is codified at Ark. Code Ann. § 22-1-203 (1987). At the same session the legislature passed Act 354 which reads:

> Hereafter no title or right of possession by an incorporated town, second class city, first class city, school district, county or the State to realty may be defeated in any action or proceeding because of adverse possession.

This act is codified at Ark. Code Ann. § 22-1-204 (1987). Both acts became effective in 1981 *before* the appellants' claim of adverse possession vested, which was not until some time in 1982.

In *Pinkert v. Lamb*, 215 Ark. 879, 224 S.W.2d 15 (1949), we held that a statute which defeated a claimant's right to possession of land six years and ten months into a seven year period of limitation did not mean the claimant had lost a vested right. The statute became effective prior to the running of the seven year period.

Just as in *Pinkert*, we find the legislation in this case bars claims or defenses of adverse possession against school districts when the right to adverse possession has not yet vested.

The appellants argue that the last sentence of § 22-1-203(b) expresses the intent to not cut off claims until January 1, 1983, a time by which the appellants' claim had vested. It was not the intention of the legislature by that sentence to extend claims of adverse possession which had not vested at the time the act became effective.

We do not reach two possible questions: whether the appellants' claim is barred because they did not commence a suit by January 1, 1983, and whether this statute can void a vested claim of adverse possession.

Two other questions are raised which we also find meritless. One is whether jurisdiction was proper in the circuit court. The appellants' general listing of equitable defenses is not sufficient to warrant reversal on this point. *Herrick v. Robinson*, 267 Ark. 576, 595 S.W.2d 637 (1980).

The other question concerns the court's reinstatement of the school district's case after having dismissed it for lack of prosecution 125 days earlier. On appeal, the appellant argues that by the time the court actually filed its order setting aside the dismissal, its action was not timely. The argument is based on the principle enunciated in *Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989). We find this argument was not made below and therefore not preserved for appeal.

Affirmed.

TURNER, J., not participating.