12

Delbert Neil HELM *v.* MID-AMERICA INDUSTRIES,
Inc.

90-360                                        804 S.W.2d 727

Supreme Court of Arkansas
Opinion delivered March 11, 1991.
[Rehearing denied April 1, 1991.*]

*John C. Everett*, for appellant.
*Thompson and Llewellyn*, by: *Richard L. Spearman*, for
appellee.

DAVID NEWBERN, Justice. Appellee Mid-America Indus-
tries, Inc., alleged that appellant Delbert Neil Helm fraudulently
conveyed property to his wife and children in an attempt to avoid
subjecting the property to execution of a judgment. The Chancel-
lor set aside the conveyances and entered judgment against
Helm's wife, appellant Doris Helm, and children, appellants
Donita, Paula and Jason Helm, for $20,500 which was the value
of the land. The Helms contend the court should not have both set
aside the conveyances and awarded damages against the grantees
of those conveyances. They also argue it was error to set aside
conveyances of land held by the entireties and that it was error to
set aside the conveyances without first finding Delbert Neil
Helms, the judgment debtor, to be insolvent. We affirm the
judgment in its entirety because none of the points argued on
appeal were argued to the trial court.

Mid-America's complaint sought in count two to have the
conveyances set aside pursuant to Ark. Code Ann. § 4-59-
207(a)(1) (1987). In count three, the complaint sought judg-
ment, as permitted by Ark. Code Ann. § 4-59-208(b) (1987),
against Doris Helm and the Helm children in the amount of the
value of the land which had been conveyed to them. The statute
does not require that these two forms of relief be sought in the
alternative, and it was apparent from the outset that both were

---

*Brown, J., not participating.

being sought.

The only objection to the judgment against the wife and children made at the hearing was that the children should not have judgment entered against them because the evidence did not show that they were aware of the reason for the conveyance. Nothing was said to the chancellor about the possibility that setting aside the conveyances to the children and to Doris Helm and then entering judgment against them might permit double recovery, which is argued on appeal.

■ We do not consider arguments made for the first time on appeal. *Lovell* v. *Magnet Cove School Dist. No. 8*, 301 Ark. 94, 782 S.W.2d 41 (1990); *O'Bryant* v. *Horn*, 297 Ark. 438, 669 S.W.2d 457 (1984); *Shinn* v. *Shinn*, 274 Ark. 237, 623 S.W.2d 523 (1981). As none of the arguments on appeal were presented to the chancellor, we must affirm the decision.

Affirmed.